1997 ME 64

## Susan HALE–RICE

v.

## MAINE STATE RETIREMENT SYSTEM.

Supreme Judicial Court of Maine.

Submitted on Briefs Jan. 10, 1997.

Decided April 4, 1997.

Joseph L. Bornstein, Bornstein & Hover-male, Portland, for plaintiff.

Andrew Ketterer, Attorney General, H. Cabanne Howard, Asst. Atty. General, Augusta, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, DANA, and LIPEZ, JJ.

WATHEN, Chief Justice.

[¶ 1] Plaintiff, Susan Hale–Rice, appeals from the judgment entered in the Superior Court (York County, *Fritzsche, J.*) affirming the decision of the Board of Trustees (Board) of the Maine State Retirement System (MSRS) denying her application for disability retirement benefits. She argues on appeal that the Board's decision reveals constitutional errors and other errors of law, is not supported by substantial evidence on the record, and is arbitrary and capricious. Finding no error, we affirm the judgment.

[¶ 2] The facts presented to the hearing officer may be summarized as follows: In 1989, plaintiff slipped and injured her left shoulder and neck while she was working for the State of Maine as an income maintenance specialist with the Department of Human Services (DHS). Her duties at DHS included interviewing applicants for food stamps, AFDC, and Medicaid, and later verifying their income and assets by checking records and calling banks or creditors. The only physical labor required of plaintiff involved the lifting of a ten to twenty pound policy manual throughout the day. She unsuccessfully attempted to return to her job on several occasions after her injury. During this period, she received worker's compensation. She was terminated from her position with DHS in 1991. She did return to transitional employment with DHS in 1992, but this return was short-lived. Her worker's compensation claim was settled in 1993.

[¶ 3] Plaintiff then applied for disability benefits pursuant to 5 M.R.S.A. §§ 17921–17934 (Supp.1996). Her claim is based on her left shoulder and neck injury and various emotional problems. She contends that the pain, depression, and stress caused by her physical injuries have rendered her unable to perform her job. The Executive Director of the MSRS denied her request for benefits. She appealed the Executive Director's decision to the Board pursuant to 5 M.R.S.A. § 17451 (1989).

[¶ 4] In preparation for the appeal, a hearing officer, appointed by the Board, held a pre-hearing conference as permitted by MSRS regulations. M.S.R.S. Reg. 702–7(C)(3) (June 30, 1992). At this conference, various documents, including those contained in a jointly prepared "pre-hearing conference packet," were admitted in evidence. Plaintiff also clarified her position, noting that she was suffering from chronic pain and myofacial pain syndromes in addition to the problems alleged in her application. The hearing officer accepted new documentary evidence of these conditions at the pre-hearing conference and submitted it to the MSRS Medical Board for review. A schedule for the appeal was then set. Any further medical evidence was to be submitted by November 21, 1994. The parties were instructed that they were to submit their final witness lists and any other documents they wished to offer as exhibits on or before January 10, 1995. The deadlines were incorporated in a pre-hearing memorandum and order. The order notified plaintiff that she could file comments or objections to the order within seven days of receiving it. The record reveals no objections.

[¶ 5] On January 17, 1995, the parties appeared before the hearing officer. At this hearing, plaintiff requested that the hearing officer leave the record open so that she could submit the results of a new, independent medical examination that was to be performed a week after the hearing. The hearing officer denied this request, noting that the purpose of the pre-hearing conference had been to identify any needed information at the beginning of the appeal process, when the schedule was being established. The hearing officer told plaintiff that she would have an opportunity to argue to the Board, at its meeting, that the absence of the evidence was prejudicial. Plaintiff then testified, her counsel made brief closing remarks, and the hearing was concluded. In her recommended decision, the hearing officer suggested that the Board affirm the Executive Director's deni-

al of benefits. Forty days later, plaintiff submitted to the Board the report of Peter Esponnette, M.D. The report summarizes the results of his independent medical examination conducted one week after the hearing.

[¶ 6] In May, the Board convened and adopted the hearing officer's proposed decision with minor changes. The Board made extensive findings of fact and concluded that plaintiff failed to prove that she qualified for disability benefits. It noted that her physical condition, although permanent, did not make it impossible for her to perform the duties of her employment position. Furthermore, the Board concluded that her emotional problems did not result in permanent incapacities. The Board also concluded that there was insufficient evidence to demonstrate that plaintiff's emotional problems made it impossible for her to perform her duties as an income maintenance specialist. The Board explicitly stated that it was not considering Dr. Esponette's report because of its untimely submission.

[¶ 7] Plaintiff sought judicial review of the Board's decision pursuant to M.R.Civ.P. 80C and 5 M.R.S.A. § 17451(2). She also sought, pursuant to M.R.Civ.P. 80C(e), consideration by the court of Dr. Esponnette's report and the report of a psychological evaluation performed more than seven months after the hearing. The court denied the motion for the taking of additional evidence and affirmed the decision of the Board. Plaintiff now appeals these rulings.

### I. Standard of Review

[¶ 8] We review administrative decisions directly, *Maine Bankers Ass'n v. Bureau of Banking*, 684 A.2d 1304, 1305–1306 (Me.1996), and will reverse or modify the decision only if the administrative findings, inferences, or conclusions are: "(1) In violation of constitutional or statutory provisions; (2) In excess of the statutory authority of the agency; (3) Made upon unlawful procedure;

(4) Affected by bias or error of law; (5) Unsupported by substantial evidence on the whole record; or (6) Arbitrary or capricious or characterized by abuse of discretion." 5 M.R.S.A. § 11007(4)(C) (1989); *see Maine Bankers Ass'n,* 684 A.2d at 1305–1306 (Law Court reviews administrative decision for abuse of discretion, errors of law, or findings not supported by the evidence).

### II. The Board's Interpretation of 5 M.R.S.A. § 17921

[¶ 9] An MSRS member, if disabled while in service, may qualify for disability retirement benefits. 5 M.R.S.A. § 17924. "Disabled" means that a member is "mentally or physically incapacitated" under the following conditions:

A. The incapacity is expected to be permanent;

B. That it is impossible to perform the duties of the member's employment position;[1]

C. After the incapacity has continued for 2 years, the incapacity must render the member unable to engage in any substantially gainful activity for which the member is qualified by training, education or experience; and

D. The incapacity may be revealed by examinations or tests conducted in accordance with section 17926.

5 M.R.S.A. 17921(1).

[¶ 10] Plaintiff argues that the Board erroneously analyzed the physical and mental elements of her condition separately in determining whether she is "disabled." She contends that the Board did not consider the combined effect of her physical and emotional problems. She argues that the statute should be interpreted to include incapacities resulting from the combined effects of physical and emotional problems, given the reality that the interrelationship of such problems often results in a permanent inability to work.[2]

---

1. A member's "employment position" is "(t)he position in which the member is employed at the time the member becomes incapacitated;" or a "position of comparable stature and equal or greater compensation and benefits which is

made available to the member by the member's employer." 5 M.R.S.A. § 17921(2).

2. We need not address plaintiff's contention that the definition of "disabled" in 5 M.R.S.A.

[¶ 11] We agree with plaintiff's interpretation of the statute, but we are not persuaded that the Board deviated from that interpretation. The Board explicitly acknowledged plaintiff's argument that, due to the combination of her emotional and physical problems, "she is disabled from engaging in any gainful activity." The Board noted the opinion of one medical expert that plaintiff was "caught in a vicious cycle triggered by her injury, which caused her to be unable to work, resulting in her loss of self-esteem and depression." Nonetheless, the Board made a general finding that plaintiff "failed to meet her burden of proving that she qualifies for disability benefits." Implicitly, the Board rejected plaintiff's factual contention that the combined effects of her problems rendered her disabled. *Cf. Forester v. City of Westbrook,* 604 A.2d 31, 33 (Me.1992) (result reached by zoning board will be deemed supported by implicit findings if there is sufficient evidence on the record to support those findings). The record demonstrates no error of law.

### III. The Board's Refusal to Consider the Untimely Medical Evaluation of Dr. Esponnette

[¶ 12] Plaintiff argues that Dr. Esponnette's report, the most recent medical evaluation of her condition, should have been considered by the Board given its policy of providing a fair hearing for all parties and given the liberal evidentiary rules adopted by the Board. Dr. Esponnette's report was prepared a week after the MSRS hearing and over two months after the deadline for submission of new medical evidence set out in the pre-hearing order. The Board concluded that, given the administrative rules governing appeals from the Executive Director and plaintiff's failure to comply with those rules, it was not required to consider Dr. Esponnette's report. Administrative appeals are not within the original jurisdiction of the courts and are subject only to judicial review.

We grant deference to an agency's interpretation of its own internal rules and procedures. *AFSCME Council 93 v. Maine Labor Rel. Bd.,* 678 A.2d 591, 593 (Me.1996). Deference is withheld only when the rule or regulation plainly compels a contrary result. *Atlantic Salmon v. Bd. of Environ. Protect.,* 662 A.2d 206, 209–210 (Me.1995).

[¶ 13] The rules promulgated by MSRS governing the appeal process were intended to "provide a process which is fair to all parties." M.S.R.S. Reg. 702–1 (June 30, 1992). The rules favor the liberal admission of all relevant evidence. *See* M.S.R.S. Reg. 702–10(A) (evidence is to be admitted if it is "the kind of evidence upon which reasonable persons are accustomed to rely in the conduct of serious affairs."); *see also* 5 M.R.S.A. § 9057(2). They provide for a hearing officer who is to "ensure that all parties have a full opportunity to present their claims orally or in writing and to secure witnesses and evidence to establish their claims." M.S.R.S. Reg. 702–7(C)(10). The appeals process created by the rules is also intended to be "efficient and effective." M.S.R.S. Reg. 702–1. This latter goal implements the statutory requirement that the "board shall complete the appeal proceeding within 90 days of receiving the written application for appeal." 5 M.R.S.A. § 17451(1)(D).

[¶ 14] In furtherance of the above goals, MSRS has developed pre-hearing procedures. The rules provide that the hearing officer may hold a pre-hearing conference to identify and resolve disputes regarding the production and admissibility of evidence and to ensure a fair, efficient, and effective appeal process. M.S.R.S. Reg. 702–7(C)(3)(e), (f). The hearing officer is given the power, *inter alia,* to set deadlines for filings, to order any needed independent medical evaluations, to refer the case to the agency's medical board for evaluation in light of any new evidence, and generally to oversee the evi-

§ 17921 and/or its application in this case are unconstitutional. Neither her vagueness nor her equal protection arguments were made at the agency level. "Generally, plaintiffs in a Rule 80C proceeding for review of final agency action are expected to raise any objections they have before the agency in order to preserve these

issues for appeal. Issues not raised at the administrative level are deemed unpreserved for appellate review.... This rule applies even to unpreserved issues implicating constitutional questions...." *New England Whitewater Ctr. v. D.I.F.W.,* 550 A.2d 56, 58 (Me.1988).

dentiary issues in the case. The pre-hearing conference and the deadlines established during that conference are designed to secure a fair, efficient, and orderly final resolution for all parties. The procedural requirements, fairly imposed, are not to be ignored during the hearing process, nor will they be lightly circumvented on appeal. The Board did not err or abuse its discretion in refusing to consider the untimely medical evaluation submitted by plaintiff.

### IV. The Superior Court's Denial of the Motion for Additional Evidence

[¶ 15] A party seeking judicial review pursuant to M.R.Civ.P. 80C may file a motion requesting "that the reviewing court take additional evidence or order the taking of additional evidence before an agency as provided by 5 M.R.S.A. § 11006(1)." M.R.Civ.P. 80C(e). The statute provides:

**1. Review.** Judicial review shall be confined to the record upon which the agency decision was based, except . . .

.    .    .    .    .

**B.** The reviewing court may order the taking of additional evidence before the agency if it finds that the additional evidence . . . is necessary to deciding the petition for review; or if the application is made to the reviewing court for leave to present additional evidence, and it is shown that the additional evidence is material to the issues presented in the review, and could not have been presented or was erroneously disallowed in proceedings before the agency.

5 M.R.S.A. § 11006(1)(B) (1989).

[¶ 16] The Superior Court denied plaintiff's motion for additional evidence in the present case because: (1) Dr. Esponnette's report had not been erroneously disallowed before the Board; and (2) the psychological evaluation was prepared three months after the petition for judicial review was filed. We review this ruling for an abuse of discretion, *Spear v. Maine Unemployment Ins. Comm'n,* 505 A.2d 82, 85 (Me. 1986), and find none.

### V. Evidentiary Support for the Board's Findings

[¶ 17] The burden before the Board rests with the applicant. Plaintiff had the burden of persuading the Board, by a preponderance of the evidence, that she is disabled. *Douglas v. Board of Trustees,* 669 A.2d 177, 179 (Me.1996). "When an agency concludes that the party with the burden of proof failed to meet that burden, we will reverse that determination only if the record compels a contrary conclusion to the exclusion of any other inference." *Id.*

[¶ 18] With regard to her physical injuries, the record contains the report of an independent medical examination that concludes: "[f]rom a purely objective standpoint, there is no basis on which to impose any restrictions . . . she perceives herself as having substantial disability; however, to accept her opinions in the context of marked symptom magnification behavior would be inappropriate." The doctor noted that plaintiff has at least a light work capacity and can work full time with certain restrictions not incompatible with her former position as an income maintenance specialist. That conclusion is supported by other medical evidence in the record, including a functional capacity evaluation that concluded that her former job was "likely to be within Ms. Hale–Rice's capability in regard to forces required. Frequency, duration, and repetition may be problematic." Given this evidence, the record does not compel the conclusion that plaintiff's physical injuries render it impossible for her to perform the duties of her employment position.

[¶ 19] With regard to her emotional problems, the record includes a psychiatric evaluation suggesting no psychiatric disorder or disability. The examining psychiatrist found that plaintiff was "heavily focused upon obtaining her disability benefits" and he did not "detect significant motivation to return to competitive employment." He felt that this was the "major obstacle at th[at] point to returning to work." He stated that a supportive work environment would be within her abilities psychiatrically. There is also support for the finding that any emotional problems that do exist are not permanent.

In sum, the record stops far short of compelling the conclusion that plaintiff is disabled by any combination of physical and emotional problems.

The entry is:

Judgment affirmed.

