STATE OF MAINE

KENNEBEC, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-00-55
DHM- KEN-11/29/2001

VIRGINIA GREEN,

Petitioner

v.

DECISION AND ORDER

COMMISSIONER, DEPARTMENT
OF MENTAL HEALTH, MENTAL
RETARDATION, and SUBSTANCE
ABUSE SERVICES,

Respondent

This matter is before the court on petitioner's 80C appeal from final agency action. Virginia Green is a patient at the Augusta Mental Health Institute (AMHI). In May of 2000, she was transferred to a unit at AMHI which modified her "treatment plan" to awaken Ms. Green one hour earlier each week until she was awake by 8:00 a.m. each morning. Petitioner had not agreed to be awakened before 11:00 a.m.. Ms. Green is not under guardianship and asserts that she has the right to refuse treatment or services under the Rights of Recipients of Mental Health Services. Accordingly, Ms. Green filed a grievance under Department regulations. A level III grievance hearing was held by order of the Commissioner and a Recommended Decision was issued by the hearing officer. The fundamental issue is whether the waking of Ms. Green against her will and without her consent before 11:00 a.m. constitutes such "treatment" as to violate her right to refuse all or several services.

The hearing officer found, as fact, that the petitioner was admitted to AMHI in February of 1997. In May of 2000, she was transferred to a different unit in the hospital. Prior to the transfer, seven different psychiatrists had treated her. The clinical staff was concerned about grievant's sleeping and waking cycle of sleeping late in the morning and staying up late at night. Her previous treating physician concluded that her health was best served by honoring that established cycle. Upon her transfer, a decision was made to make changes in the petitioner's sleeping cycle. The reason for this change was that the medical unit "has a milieu that is therapeutic and the grievant's treating psychiatrist wanted the grievant to be able to be part of that milieu." The treating psychiatrist wanted Ms. Green to participate in activities on the unit and felt that she could not make an informed choice about whether she wanted to participate without being able to try things out. Many of these treatment activities take place before 11:00 a.m. The treating psychiatrist wishes to maximize petitioner's participation in the outside world by giving the staff the greatest possible contact with her. Accordingly, the doctor feels that Ms. Green's "waking cycle must be altered to reflect the activity cycle of the unit and staff."

It is undisputed that Ms. Green has consistently refused to consent to being awakened before 11:00 a.m. By regulation, the recipients of mental health services have the right to refuse all or some of the services or treatment offered. The same regulation providing these rights does not define the term "services" but does define "treatment." It means:

> Treatment means any activity meant to prevent, ameliorate, prevent deterioration of, or cure a recipient's mental health problem or mental

2

illness and includes behavioral, psychological, medical, social, psychosocial and rehabilitative methods that meet usual and customary standards in the field of mental health treatment.

The hearing examiner concluded that the record does not support the position of AMHI that the primary reason for the wakening has to do with the practical matters of scheduling on the unit. Rather, the examiner found that the record tends to suggest that the convenience of the unit is rather a minor consideration. The hearing examiner was satisfied that the normal waking and sleeping cycle is meant to "prevent, ameliorate, prevent deterioration of, or cure the grievant's mental health problem." Accordingly, the examiner found the decision to wake the petitioner early is treatment and required petitioner's consent. The Administrative Hearing Officer therefore concluded that AMHI did violate the rights of Ms. Green.

This Recommended Decision was forwarded to the Commissioner along with AMHI's exceptions to the Recommended Decision. By her final decision dated July 18, 2000, the Commissioner of the Department Mental Health, Mental Retardation, and Substance Abuse Services specifically adopted the Findings of Fact as contained in Hearing Officer Rogers-Tomer's Recommended Decision. However, she declined to adopt the Recommended Decision, instead adopting the interpretation of the regulations offered in the exceptions filed by AMHI. The Commissioner concluded that "the practice of waking the grievant prior to 11:00 a.m. does not constitute treatment as defined under Part A, sec. II(Q) of the 'Rights of Recipients of Mental

3

Health Services,' nor is it a service." From this decision, this 80C appeal is before the court.

When the decision of an administrative agency is appealed pursuant to M.R. Civ. P. 80C, this court reviews the agency's decision directly for abuse of discretion, errors of law, or findings not supported by the evidence. *Centamore v. Dep't of Human Services*, 664 A.2d 369, 370 (Me. 1995). In reviewing the decisions of an administrative agency, the court should "not attempt to second-guess the agency on matters falling within its realm of expertise" and the court's review is limited to "determining whether the agency's conclusions are unreasonable, unjust or unlawful in light of the record." *Imagineering v. Superintendent of Ins.*, 593 A.2d 1050, 1053 (Me. 1991). Under this standard, it is important for the court to examine the respondent's final decision to be clear as to the basis for her conclusion.

It is first noted that the Commissioner adopts the findings of fact as made by the hearing officer. Secondly, she adopts the interpretation of the regulations offered by AMHI's exceptions. The position of the hospital as recited in the exceptions is that:

> The activity of gradually converting Ms. Green to a schedule more in keeping with the routine of the hospital does not fit in the definition of treatment in the Rights of Recipients. Certainly, the change in sleep routine promotes the opportunity to undertake the activities that would qualify as treatment. However, the evidence from the hearing demonstrates that the change in sleeping pattern, though it may facilitate treatment activities, is not treatment as defined in the regulation.

In other words, AMHI asserts that the contribution to the prevention, amelioration, prevention of deterioration of or cure of recipient's mental health problem is an

4

incidental benefit but does not elevate the hospital's actions to a violation of petitioner's right to refuse treatment. Said another way, the Commissioner determined that waking Ms. Green at 8:00 a.m. in the morning was a process by which the hospital made Ms. Green available for treatment rather than treatment itself.

Petitioner argues that the Commissioner's conclusion is not supported by substantial evidence or was affected by errors of law. While it is a close call, any doubt in the mind of the court over the wisdom over the Commissioner's ultimate conclusion is not sufficient to reverse the decision. Contrary to petitioner's argument, an agency's interpretation of its own internal rules and procedures is entitled to deference unless the rule or regulation plainly compels a contrary result. *Hale-Rice v. Maine State Retirement System*, 1997 ME 64, ¶ 12, 691 A.2d 1232, 1236.

Dr. Arnold testified at the hearing about the benefits of having Ms. Green adapt to the "therapeutic milieu" of the unit. He further testified that waking her at an earlier hour was grounded on more practical considerations to have her ultimately take part in unit activities which would be unquestionably considered treatment. On that close question, the court is obligated to defer to the Commissioner's conclusion that while waking Ms. Green earlier would allow her the opportunity to participate in treatment, the waking itself is not treatment.

The petitioner also argues that waking Ms. Green is a service to which she has the right to refuse. The petitioner urges the court to adopt a dictionary definition of

the word. However, the dictionary definition includes "help, use, benefit" and is in many respects somewhat synonymous with treatment.

Finally, petitioner argues that the refusal on the part of the Commissioner to agree with the Recommended Decision is a violation of due process. Indeed, in the Chief Advocate's reply to exceptions filed with the Commissioner, it is argued that there is no reason for the Commissioner to make an independent decision but that the hearing examiner herself/himself should be fully empowered to make such decisions. Apparently, petitioner is satisfied that reaching a different conclusion to the same set of facts is a violation of due process. In this regard, this court has previously concluded that the process of 80B or 80C appeals is sufficient due process protection to meet the constitutional requirements. The exhaustion of these state-law remedies is necessary before a litigant may bring an independent claim on procedural due process grounds.

To the extent the petitioner believes that a liberty interest is involved, this court is satisfied that once a liberty interest has been identified it becomes necessary to determine what process is due. *Board of Regents v. Roth*, 408 U.S. 564 (1972). Three factors have been adopted as an analytical tool to determine the specific dictates of due process. *Mathews v. Eldridge*, 424 U.S. 319 (1976). First, the private interest that will be affected by the official action; second, the risk of erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the fiscal and administrative burdens that the additional

6

procedural requirement would entail. *Id.* at 325. For purposes of the present analysis, even assuming a liberty interest is at issue, the risk of erroneous deprivation through the present procedures is very minimal. Petitioner has been afforded a hearing below, now has this court's attention to her complaints on appeal, and will, if she so desires, have the right to appeal this court's decision to the Law Court. The process afforded her is constitutionally sufficient.

For all the reasons cited above, the entry will be:

> The final agency action of the Department of Mental Health, Mental Retardation, and Substance Abuse Services is AFFIRMED.

Dated: November 29, 2000

Donald H. Marden
Justice, Superior Court

Date Filed ___8/16/00___ ___Kennebec___ Docket No. ___AP00-55___
County

Action ___Petition for Review___
        80C

J. MARDEN

[illegible stamp]

DEC 11 2000

___Virgina Green___ vs. ___Comm. Lynn Duby, DMHMRSAS___

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| Jack Comart, Esq.<br>P.O. Box 2429<br>Augusta, Maine 04338 | Katherine Greason, AAG  (9/5/00)<br>6 State House Station<br>Augusta, Maine 04333 |

| Date of Entry | |
|---|---|
| 8/17/00 | Petition for Review of Final Abency Action M.R.Civ.P.80C with Incorporated Independent Claims for Relief, filed. s/Comart, Esq. |
| 8/21/00 | Amended Petition for Review of Final Agency Action M.R.Civ.P. 80C with Independent Claims for Relief, filed. s/Comart, Esq.<br>Motion to Specify Future Course of Proceedigns, filed. s/Comart, Esq.<br>Proposed Order, filed. |
| 9/5/00 | Answer to Amended Petition with Independent Claims, filed. s/Greason, AAG |
| 9/11/00 | Stipulation Specifying Future Course of Proceedings, filed. s/Greason, AAG.<br>Stipulation, filed. s/Greason, AAG. & Ender, Esq. |
| 9/18/00 | Certified Administrative Record, filed. s/Greason, AAG. |
| 9/19/00 | Notice of briefing schedule mailed to attys of record. |
| 9/21/00 | Motion and Incorporated Memorandum of Law for Stay And/Or Preliminary Injunctive Relief, filed.  s/Comart, Esq. |
| 10/3/00 | Reply to Motion for Stay or Preliminary Injunctive Relief, filed. s/Greason, AAG. |
| 10/6/00 | Attorneys notified by telephone of hearing on 10/10/00 at 11:30 a.m. |
| 10/10/00 | Hearing had on motion for injunctive relief, Hon. Donald Marden Presiding.<br>Cook, C.R.<br>No courtroom clerk present.  Attys made arguments to the court.  Court denies motion and will entertain a motion for expedited hearing on appeal.<br><br>MOTION FOR STAY/INJUNCTIVE RELIEF, Marden, J.<br>After hering, for reasons stated on the record, motion DENIED.<br>Copies mailed to attys of record. |
| 10/18/00 | Petitioner's Brief, filed. s/Comart, Esq. |