STATE OF MAINE

KENNEBEC, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-02-40

DHA-KEU- 5/30/2003

RICHARD J. WILLIS,

      Petitioner

v.

MAINE STATE RETIREMENT
SYSTEM, et al.,

      Respondents

ORDER

DONALD L. GARBRECH
LAW LIBRARY

AUG 6 2003

This matter is before the court upon an 18-page petition and complaint under M. R. Civ. P. 80C seeking review of a recommended Decision of the Board of Trustees of the Maine State Retirement System dated May 10, 2002, and subsequent Decision by the Board of Trustees. The Board determined that two 1990 payments to the petitioner were not "earnable compensation" so as to impact petitioner's disability retirement benefits. The payments by School Administrative District No. 71 are alleged by the petitioner to have been made in the amounts of $300 and $1,100 respectively.

Title 5 M.R.S.A. § 17001(13) defines "earnable compensation" as, subject to certain exceptions, payment for services rendered in an employment position. "Earnable compensation" is a factor in determining "average final compensation" which is defined by 5 M.R.S.A. § 17001(4). This average final compensation is a factor in computing the amount of service retirement benefits and disability retirement benefits administered by the Maine State Retirement System to the recipient. Both types of benefits are based upon time of creditable service. Retirement benefits are established by 5 M.R.S.A. § 18452 and disability benefits are established by 5 M.R.S.A. § 18528. A reduction in the amount of creditable service caused by disallowance of earnable

compensation may delay the time when petitioner's service retirement benefits would become equal to or exceed the amount of the disability retirement benefits in accordance with 5 M.R.S.A. § 17929(2)(A).

Petitioner alleges that the two 1990 payments from M.S.A.D. No. 71 were for "on call consulting and professional activities" and participation in a "safety project." The petitioner testified that, "the $300 and the $1,100 work was actually completed in the '88/'89 school year. It had to go through a grievance process in order for it to be paid." Petitioner argues that the checks were for earnable compensation as a matter of law.

The Maine State Retirement System argues, and the Board concluded, that two statutes independently disqualify the payments from being "earnable compensation." 5 M.R.S.A. § 17001(13)(B)(3) provides that earnable compensation does not include "any other payment that is not compensation for actual services rendered or that is not paid at the time the actual services are rendered; . . ." 5 M.R.S.A. § 17001(14) & (42) establish that an employee includes a teacher and if the teacher is not an employee who holds appropriate certification and licenses, it may be an employee of a public school "the principle function of which is to introduce new learning to students." The respondents argue that the petitioner has failed to provide any evidence that the payments were for introducing students to new learning.

This court must examine the entire record to determine whether on the basis of all of the testimony and exhibits the agency could reasonably and fairly reach the conclusion that it did. This court's responsibility must sustain the agency's findings if there is substantial evidence to support them and not substitute its judgment for that of the agency where there may be a reasonable difference of opinion. *Seven Islands Land Company v. Maine Land Use Regulation Commission*, 450 A.2d 475 (Me. 1982). Upon review of an administrative decision, this court may reverse or modify the decision only

2

if the agency's findings are in violation of constitutional or statutory provisions, in excess of the statutory authority of the agency, made upon unlawful procedure, affected by bias or error of law, unsupported by substantial evidence on the whole record, or arbitrary or capricious or characterized by abuse of discretion. 5 M.R.S.A.A § 11007(4)(C). It is the obligation of this court to grant deference to an agency's interpretation of the internal rules and procedures and application of its statutes. *Hale-Rice v. Maine State Retirement System*, 691 A.2d 1232 (Me. 1997).

It is the burden of the petitioner to persuade the Board of his entitlement to have the payments in question considered "earnable compensation." If the Board determines the petitioner has not met the burden, the court will reverse that determination only if the record compels a contrary conclusion to the exclusion of any other reference. This court does not so hold.

The entry will be:

The Decision of the Board of Trustees of the Maine State Retirement System is AFFIRMED.

Dated: May___3º___, 2003

Donald H. Marden
Justice, Superior Court

3

Date Filed  6/27/02          Kennebec          Docket No.  AP02-40
                            County

Action    Petition for Review
                 80C

# J. MARDEN

Richard Willis                          vs.    Maine State Retirement, et als

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| Richard Willis, Pro Se<br>56 Ridgeway Circle<br>North Waterboro, Maine  04061-9638 | James Bowie, AAG<br>6 State House Station<br>Augusta, Maine  04333-0006 |

| Date of Entry | |
|---|---|
| 6/27/02 | Petition and Complaint, filed.  s/Willis, Pro Se |
| 7/17/02 | Letter entering appearance, filed. s/Bowie, AAG<br>Motion (With Incorporated Memorandum of Law) to Dismiss the "Petition and Complaint, filed. s/Bowie, AAG (attached exhibits A,B,C)<br>Request for Hearing, filed. s/Bowie, AAG |
| 7/18/02 | Proposed Order, filed. |
| 7/22/02 | Certified Copy of the Administrative Record from the Maine State Retirement System along the complete set of rules of the Retirement System, filed.   **Record in Vault** |
| 8/6/02 | Motion of Opposition to Dismissal of MSRS and State Defendants, filed. s/Willis, Pro Se<br>Statement of Service, filed. s/Willis, Pro Se<br>Motion to Bifurcate and Request for Rule 11 Sanctions Against AAG Bowie, filed. s/Willis, Pro Se |
| 8/9/02 | Reply Memorandum in Support of Dismissal of the "Petition and Complaint" and Objection to Petitioner's Motion for Bifurcation and Sanctions, filed s/Bowie, AAG |
| 11/26/02 | Hearing on Motion to Dismiss, Motion to Bifurcate/Rule 11 Sanctions with Hon. Justice Marden, presiding. Tape #632 Index 3584-3818.<br>Richard Willis, Pro Se plaintiff not present. James Bowie, AAG for the State.<br>Oral arguments made to the court.<br>Court to dismiss all claims except 80C merits. Court to issue Dismissal. State to respond by Dec. 15 on merits of appeal. |
| 12/13/02 | Respondent's Memorandum of Law in Opposition to the Petition for Review, filed. s/Bowie, AAG |
| 4/16/03 | Letter from Richard Willis regarding pending issues. |