STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-03-17

DONALD L.
LAW

KAREN EVANS,

Petitioner

JAN 8 2004

v.

DECISION AND ORDER

COMMISSIONER, MAINE DEPARTMENT
OF BEHAVIORAL AND DEVELOPMENTAL
SERVICES,

STATE OF MAINE
Cumberland, ss, Clerk's Office
SUPERIOR COURT

DEC 10 2003

Respondent

RECEIVED

Karen Evans (Petitioner) appeals the Decision and Order of January 22, 2003, of the Maine Department of Behavioral and Developmental Services, and moves for summary judgment with regard to her independent claim.

## FACTS

Petitioner is a consumer of mental health services. Amistad is an agency that contracts with Maine Department of Behavioral and Developmental Services (BDS) to provide services to mental health consumers. Petitioner was a member of the "peer support committee" at Amistad. An incident occurred at a peer support committee meeting in which there was an altercation between Petitioner and a staff person, and Petitioner and another mental health consumer.

Petitioner filed a Level I grievance, which eventually progressed into a Level III grievance. At the Level III stage a hearing was held on December 17, 2002. On January 6, 2003, the Administrative Hearing Officer filed a recommendation that was favorable to petitioner. On January 15, 2003, Amistad sent to Commissioner Lynn F. Duby of BDS (Commissioner) correspondence regarding the hearing and the dispute. On January 22,

2003, the Commissioner issued a Final Decision in the matter in which the Commissioner did not accept the recommendation of the Administrative Hearing Officer.

## DISCUSSION

This Court will reverse or modify the administrative decision of BDS only if the administrative findings, inferences, or conclusions are:

> (1) In violation of constitutional or statutory powers; (2) In excess of the statutory authority of the agency; (3) Made upon unlawful procedure; (4) Affected by bias or error of law; (5) Unsupported by substantial evidence on the whole record; or (6) Arbitrary or capricious or characterized by abuse of discretion.

Hale-Rice v. Maine State Ret. Sys., 1997 ME 64, ¶8, 691 A.2d 1232, 1235 (quoting 5 M.R.S.A. § 11007 (1989)). This court does not try to second-guess the administrative decision of the agency unless "the agency's conclusions are unreasonable, unjust or unlawful in light of the record." Imagineering, Inc. v. Dept. of Prof'l & Fin. Regulation, 593 A.2d 1050, 1053 (Me. 1991). The agency's interpretation "is entitled to great deference and will be upheld unless the statute plainly compels a contrary result." Centamore v. Dept. of Human Services, 664 A.2d 369, 370-71 (Me. 1995) (internal quotation omitted).

Petitioner labeled this motion as one for summary judgment, however, this court will treat the present motion as an appeal under 80C of the Maine Rules of Civil Procedure. The court will, therefore, not consider the affidavit of Petitioner as it is not in the record. The court did allow discovery in this case and reviewed the discovery presented in reaching the conclusions of this order.[1]

---

[1] The court finds that although this appeal is labeled "Petition for Review of Final Agency Action Pursuant to M. R. Civ. P. 80C with Independent Claim for Relief" there is no meritorious independent claim for relief, and will treat this as an appeal under Rule 80C.

Petitioner argues that her due process rights were violated because the Commissioner did not review the entire audiotape in this case. As the Law Court has stated:

> due process does not require that the decision-maker in an administrative hearing hear or read all the testimony. As long as the decision-making officer both familiarizes [herself] with the evidence sufficient to assure [herself] that all statutory criteria have been satisfied and retains the ultimate authority to render the decision, [she] can properly utilize subordinate officers to gather evidence and make preliminary reports.

Green v. Comm'r of the Dep't of Mental Health, Mental Retardation and Substance Abuse Serv., 2001 ME 86, ¶15, 776 A.2d 612, 617. Although the Commissioner did not review the audio tape, "[s]he did review some of the exhibits and the recommended decision, as well as the exception filed by Amistad." The recommended decision was prepared for the Commissioner's review and comment. The Commissioner also retained final authority when she executed the Final Decision of January 22, 2003 and made her own independent assessment of the matter.[2] Therefore, the decision of the Maine Department of Behavioral and Developmental Services should be affirmed.[3]

Petitioner also argues that her due process rights were violated because the Petitioner did not receive a copy of the exception to the recommendation of the hearing office. Petitioner argues that this amounts to improper ex parte communication by BDS and the Commissioner. See 5 M.R.S.A. § 9055. Section 9055 prohibits ex parte communications "with any party or other persons legally interested in the outcome of

---

[2] In the Respondent's Answers to Interrogatories, BDS states that "[t]he Commissioner made the final Level III decision herself and no 'designee' acted on her behalf in that regard."

[3] Petitioner also makes the argument that her rights were violated because this case was improperly delegated to a staff attorney for review and recommendation and there was no substantial evidence for the decision because of the amount of material reviewed by the Commissioner. The court finds these arguments to be without merit for the above reasons. The matter was properly handled by BDS and the Commissioner. See 5 M.R.S.A. § 9055 (2003).

the proceeding, except upon notice and opportunity for all parties to participate." Id. Section 9062 of the same title, however, states that after a copy of the report of the hearing officer is provided to each party, "an opportunity shall be provided for response or exceptions to be filed by each party" without requiring copies to be provided to all parties. 5 M.R.S.A. § 9062(4). The Rights of Recipients of Mental Health Services (RRMHS), conversely, requires that "[a]t each level of the formal grievance procedure the recipient . . . shall have rights to . . . [r]eview any information obtained in the processing of the grievance. . . ." C.M.R. 14-193(VII)(C)(4)(g) (2003). Amistad responded to the opportunity to respond as provided in section 9062(4), without sending Petitioner a copy. BDS did not send a copy to the Petitioner either.

"Courts may vacate an agency's action if it results in 'procedural unfairness' . . . [and] an agency's decision can be 'arbitrary and capricious' if it was not the product of the requisite processes." Hopkins v. Dep't of Human Serv., 2002 ME 129, ¶12, 802 A.2d 999, 1002 (internal citations omitted). "The essential requirement of due process in the administrative context is that a party by given notice and an opportunity to be heard." Martin v. Unemployment Ins. Comm'n, 1998 ME 271, ¶15, 723 A.2d 412, 417. This court uses the Matthews factors to determine what process is required.

> First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

Matthews v. Eldridge, 424 U.S. 319, 335 (1976).

Although a private interest may be implicated by the Rights of Recipients of Mental Health Services (RRMHS), this court finds that the process in this case was sufficient and did not violate Petitioner's rights. The second factor, whether there is risk

4

of erroneous deprivation of rights, is very minimal in this three-tiered grievance process. In addition, it is not clear that the added benefit of new procedures would outweigh the costs to implement additional safeguards.[4] The court finds that the procedures in the RRMHS to be constitutionally sufficient, and to the extent that the above sections of the RRMHS conflict with sections of the APA, the court finds that BDS was not required to provide each party with copies of the other party's exceptions.

Finally, Petitioner argues that her rights were violated because BDS did not comply with the timeline required by the Rights of Recipients of Mental Health Services regulations. C.M.R. § 14-193 (2003). These regulations set forth a tight time frame by which BDS is required to respond to grievances. Id. Petitioner, however, fails to allege any prejudice from this delay and some of the delay was caused by Petitioner or her attorney. See Hopkins, 2002 ME 129, ¶13, 802 A.2d 999. Therefore, the court finds that any delay of proceedings in this case did not violate the rights of the Petitioner.

WHEREFORE, the decision of the Maine Department of Behavioral and Developmental Services is AFFIRMED.

Dated: December _10_, 2003

_____
Roland A. Cole
Justice, Superior Court

---

[4] This case has already been through three levels of review. This courts review of the case will be the fourth level.



Date Filed 02-28-2003    Cumberland    Docket No. AP-03-17
                         County

Action 80C Appeal

KAREN EVANS

COMMISSIONER, MAINE DEPARTMENT OF
BEHAVIORAL and DEVELOPMENTAL SERVICES

vs.

Plaintiff's Attorney
Sara Anne Meerse, Esq.
Pine Tree Legal Assistance, Inc.
88 Federal Street
P.O. Box 547
Portland, ME  04112-0287
(207) 774-8211
    Frank D'Alessandro, Esq.

Defendant's Attorney
F. TODD LOWELL, AAG
SIX STATE HOUSE STATION
AUGUSTA, MAINE  04333-0006
626-8800

Date of
Entry