STATE OF MAINE
CUMBERLAND, ss

STATE OF MAINE
SUPERIOR COURT
CLERK'S OFFICE
SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-07-024

2008 JAN 10 P 3: 15 REC-CUM-V/10/2008

MARTHA CLARK,
                              Petitioner

                                        ORDER ON
v.                                      RULE 80C APPEAL

SECRETARY OF STATE,
                              Respondent

DONALD L. GARBRECHT
LAW LIBRARY

JAN 30 2008

Before the Court is an appeal brought pursuant to M.R. Civ. P. 80C by Martha Clark seeking judicial review of a decision by a Hearing Officer for the Bureau of Motor Vehicles to suspend Petitioner's driver's license for a period of 275 days.

## BACKGROUND

On the morning of January 7, 2007, Officer Gino Bianchini ("Officer Bianchini") of the Freeport Police Department noticed a vehicle parked across the painted lines near a handicapped spot. Officer Bianchini ran the license plate number and learned that the car belonged to Petitioner Martha Clark ("Clark") and that the car's registration had been suspended.[1] Officer Bianchini then followed Clark, who had begun driving, and stopped her. Upon being pulled over, Clark denied that her registration had been suspended. Officer Bianchini observed that Clark's behavior was "strange" and he asked Clark if she had been drinking, which Clark denied. At this point, Officer Bianchini did not smell alcohol on Clark's

---

[1] It was discovered after the events of the morning of January 7, 2007 that in fact Clark's driver's registration was not suspended at the time that Officer Bianchini stopped Clark. However, there is no evidence and not even an allegation that Officer Bianchini was aware of this fact when he ran Clark's license plate number and received a report stating that the registration had been suspended.

breath. Officer Bianchini asked Clark to step out of her car. He observed that Clark had to use her vehicle to hold herself up and to steady herself. When asked where she was, Clark responded that she was between South Portland and Portland when in fact she was in Freeport. Officer Bianchini also noted that Clark's speech was slurred. Officer Bianchini decided to place Clark under arrest for operating with a suspended registration. While handcuffing her, Officer Bianchini smelled alcohol on her breath, which became more pronounced after he asked Clark to spit out the gum she had been chewing. Officer Bianchini again asked Clark if she had been drinking and this time she admitted that she had been drinking the night before. Officer Bianchini decided that he would conduct field sobriety tests at the station.

While searching Clark's vehicle, Officer Bianchini found a water bottle filled with wine in a tote bag on the front seat of the car. Clark, however, denied that she had been drinking in the car.

At the station, Clark was read her Miranda rights, but refused to answer questions regarding whether or not she understood her rights. Clark likewise refused to respond when Officer Bianchini asked if she would comply with the field sobriety tests. Officer Bianchini stated that he would assume Clark's silence meant that she was not waiving her rights and that she was refusing to do the tests.

Clark then told Officer Bianchini that she would take the Intoxilyzer test. After waiting the required 15 minutes, Clark did not blow enough air into the chamber on her first try. Officer Bianchini then reread the consent form to Clark, who indicated that she understood. The second time the Intoxilyzer test was administered, Clark blew no air into the chamber even after Officer Bianchini warned her that this could be marked as a refusal. After this second attempt, Clark was in fact marked as having refused to take the test.

2

On March 21, 2007, a hearing was held before the Bureau of Motor Vehicles at which point Clark's license was suspended for 275 days in accordance with 29-A M.R.S.A. § 2521. The Hearing Officer determined that Officer Bianchini did have probable cause to believe that Clark was operating under the influence at the time she was required to take the Intoxilyzer test. Clark now brings this appeal pursuant to 5 M.R.S.A. § 11002 and M.R. Civ. P. 80C.[2]

## STANDARD OF REVIEW

The Court may reverse a final agency decision only if its "findings, inferences, conclusions or decisions are: (1) In violation of constitutional or statutory provisions; (2) In excess of the statutory authority of the agency; (3) Made upon unlawful procedure; (4) Affected by bias or error of law; (5) Unsupported by substantial evidence on the whole record; or (6) Artibtrary or capricious or characterized by abuse of discretion." 5 M.R.S.A. §11007 (2007). In applying the "substantial evidence" standard of review to an agency action, the Court must "examine the entire record 'to determine whether on the basis of all the testimony and exhibits before the agency it could fairly and reasonably find the facts as it did.'" *Seven Islands Land Co. v. Maine Land Use Regulation Commission*, 450 A.2d 475, 479 (Me. 1982), quoting *In re Maine Clean Fuels, Inc.*, 310 A.2d 736, 741 (Me. 1973). If there is substantial evidence, the agency's decision is sustained even if inconsistent evidence exists or if inconsistent conclusions could be drawn from the record. *Id.* Indeed, it is not for the Court to determine whether or not it would have reached

---

[2] On December 16, 2007, the Court granted the Secretary of State's Motion to Strike a letter that Clark cited in her brief to this Court but which was not properly in the record before this Court. Accordingly, the Court makes no further mention of this letter and did not consider it in rendering the within Order.

the same result as the agency, but rather to decide whether the record supports the decision reached. *CWCO, Inc. v. Superintendent of Insurance*, 1997 ME 226, ¶ 6, 703 A.2d 1258, 1261. An agency's interpretation of the statutes that it is required to implement is afforded great deference and must be upheld unless the statute clearly compels a different outcome. *Bischoff v. Maine State Retirement System*, 661 A.2d 167, 169 (Me. 1995). The Court must also show similar deference to an agency's interpretation of its own rules and procedures. *Hale-Rice v. Maine State Retirement System*, 1997 ME 64, ¶ 12, 691 A.2d 1232, 1236. The burden of proving that there is not substantial evidence to sustain the agency's decision "clearly rests with the party seeking to overturn the decision of an administrative agency." *Id.*

## DISCUSSION

Clark begins by urging this Court to reexamine the Law Court's rationale and holding in *Powell v. Secretary of State*, 614 A.2d 1303 (Me. 1992), in which the Law Court expressly stated that the exclusionary rule does not apply in administrative hearings. This Court declines to do so.

Clark next argues that Officer Bianchini did not have probable cause to believe that Clark was operating under the influence when he arrested her nor when he required her to take the Intoxilyzer test. As to Clark's first argument, Officer Bianchini did not arrest Clark because he suspected that she was operating under the influence, but rather because she was driving with a suspended registration. The fact that it was ultimately discovered that Clark's registration was not in fact suspended does not change this analysis as Officer Bianchini's report from the Bureau of Motor Vehicles indicated that it was and Officer Bianchini relied in good faith on this report.

4

Furthermore, Officer Bianchini had probable cause to require Clark to take the Intoxilyzer test.[3] While handcuffing Clark after deciding to arrest her due to her suspended registration, Officer Bianchini smelled alcohol on her breath. Clark then admitted that she had been drinking the night before and Officer Bianchini found a water bottle filled with wine on the front seat of Clark's car. Indeed, the facts of this case are remarkably similar to those in *State v. Webster*, a case in which the Law Court upheld the lower court's finding of probable cause based on "the combination of Webster's improper driving, the strong odor of alcohol on his breath, and his statement that he had only had one drink four hours earlier." *State v. Webster*, 2000 ME 115, ¶ 5, 754 A.2d 976, 977.

For the reasons stated herein, there is no basis to overturn the findings of the Hearing Officer.

Therefore, the entry is:

> The decision of the Hearing Officer for the Bureau of Motor Vehicles is AFFIRMED.

> The clerk shall incorporate this Order into the docket by reference pursuant to M.R. Civ. P. 79(a).

Dated at Portland, Maine this _____ day of _____, 2008.

_____
Robert E. Crowley
Justice, Superior Court

---

[3] "The probable cause standard for requiring a person to take a blood alcohol test has a very low threshold. A person is guilty of operating under the influence if his or her senses are 'impaired however slightly' or 'to any extent' by the alcohol that person has had to drink." *State v. Webster*, 2000 ME 115, ¶ 7, 754 A.2d 976, 977-78.

ROBERT ANDREWS ESQ
PO BOX 17621
PORTLAND ME 04112

GWENDLOYN THOMAS AAG
DEPARTMENT OF THE ATTORNEY GENERAL
6 STATE HOUSE STATION
AUGUSTA ME 04333-0006