STATE OF MAINE
KENNEBEC, ss

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-17-60

CYNTHIA COLBY

Petitioner

**ORDER ON
PETITION FOR REVIEW OF
AGENCY ACTION**

v.

BOARD OF TRUSTEES FOR THE
MAINE PUBLIC EMPLOYEES
RETIREMENT SYSTEM,

Respondent

Before the court is Cynthia Colby's Rule 80C Petition for review of the October 13, 2017 decision of the Board of Trustees for the Maine Public Employees Retirement System (the "Board") denying her claim for disability retirement benefits.

Background

Cynthia Colby is a former employee of the Department of Health and Human Services. (R. 4.455.) Colby began her employment at DHHS in January of 1990. (R. 4.455.) Colby's last date of service at the department was September 2, 2014. (R. 4.455.)

On September 11, 2011, while employed at DHHS, Colby filed her first application for disability benefits with Maine PERS. (R. 4.172.) Colby's application claimed a disability based on medical problems relating to scoliosis, upper and lower back pain, numbness in left leg, and a "crack in lower spine, causing lower back pain." (R. 4.172.) The Executive Director denied the application and Colby appealed the denial to the Board of Trustees. On May 1, 2013, the Hearing Officer recommended denial of the appeal. (R. 4.402.)

1

On September 4, 2014, Colby filed her second application for disability benefits. (R. 4.444-4.447.) Similar to the first application, Colby's second application claimed a disability related to scoliosis, back pain due to scoliosis, and headaches. (R. 4.445.) On October 23, 2014, the Executive Director denied Colby's second application. (R. 4.448.) Colby did not pursue an appeal of the denial with the Board of Trustees.

On May 25, 2016, Colby filed her third application for disability benefits. (R. 4.7.) The third application claimed a disability relating to severe scoliosis, back/neck pain, depression/anxiety, headaches, and GERD.[1] As of her third application, Colby's last date of service remained September 2, 2014. (R. 11.2.) Because Colby had not had a new period of membership with a Maine PERS covered employer since the denial of her second application for disability benefits, the Executive Director only considered Colby's claim for a disability based upon GERD, depression and anxiety. (R. 4.491-4.493.) On August 9, 2016, the Executive Director denied Colby's third application on the basis that the medical evidence "[did] not support the existence of functional limitations resulting from [GERD or depression/anxiety] as of September 2, 2014 (last date in service)." (R. 4.492.)

On September 6, 2016, Colby appealed the Executive Director's Decision to the Board of Trustees. (R. 2.1.) On September 20, 2016, the Board Hearing Officer remanded the matter to the Executive Director for the purpose of ruling on Colby's claim for benefits due to conditions of severe scoliosis, back and neck pain, and headaches. (R. 7.1.) On October 11, 2016, the Executive Director issued a decision following remand from the Board. (R. 8.1.) This decision made clear that the conditions of severe scoliosis, back and neck pain, and headaches could not be considered when determining Colby's eligibility for disability benefits because: (1) Colby did not return to

---

[1] Gastroesophageal reflux disease.

work for a MainePERS covered employer following the October 23, 2014 denial of her second application for disability benefits, and therefore did not have a new period of eligibility; and (2) the conditions of severe scoliosis, back and neck pain, and headaches were the same conditions that formed the bases of her second application. (R. 8.1-8.2.)

Following multiple evidentiary hearings, the Board Hearing Officer remanded the matter to the Executive Director a second time on April 11, 2017. (R. 33.1.) On May 11, 2017 the Executive Director issued a decision affirming its earlier decisions denying Colby's application. (R. 35.1.) On September 21, 2017, the Board Hearing Officer issued a decision recommending that the Board affirm the Executive Director's Decision denying Colby's application for disability benefits. (R. 43.3-43.11.) On October 12, 2017, the Board issued its decision adopting the Hearing Officer's recommendation. (R. 44.2.)

On November 15, 2017, Colby timely filed a petition for review of the Board's October 12, 2017 decision affirming the denial of her claim for disability benefits.

Standard of Review

The Court reviews the Board's Decision for an abuse of discretion, error of law, or findings not supported by the evidence. *Uliano v. Bd. of Envtl. Prot.*, 2009 ME 89, ¶ 12, 977 A.2d 400 (citation omitted). The court may not weigh the merits of the evidence presented to the administrative body but instead must determine whether there is competent evidence in the record which supports the administrative findings. *Concerned Citizens to Save Roxbury v. Bd. of Envtl. Prot.*, 2011 ME 39, ¶ 24, 15 A.3d 1263. "An administrative decision will be sustained if, on the basis of the entire record before it, the agency could have fairly and reasonably found the facts as it did." *Id.* (quoting *CWCO, Inc. v. Superintendent of Ins.*, 1997 ME 226, ¶ 6, 703 A.2d 1258). The

3

party seeking to vacate an agency decision bears the burden of persuasion. *Kelley v. Me. Pub. Emps. Ret. Sys.*, 2009 ME 27, ¶ 16, 967 A.2d 676. "When an agency concludes that the party with the burden of proof failed to meet that burden, [the court] will reverse that determination only if the record compels a contrary conclusion to the exclusion of any other inference." *Id.* (quoting *Hale—Rice v. Me. State Ret. Sys.*, 1997 ME 64, ¶ 17, 691 A.2d 1232).

Discussion

Colby's primary argument is that the Board erred when it concluded that Colby could only pursue an application for disability benefits based upon GERD, depression, and anxiety and not conditions related to scoliosis. Specifically, Colby argues that the October 2014 denial of her second application for disability benefits does not have any res judicata effect which precludes her from bringing a claim based on conditions related to scoliosis. Colby also argues that the Board improperly failed to consider the mental impacts caused by the side effects of medication taken to alleviate her scoliosis symptoms. Finally, Colby argues that the finding that her anxiety and depression did not cause any functional limitations on or before her last date in service is unsupported by substantial evidence.

The Board argues that: in the administrative proceeding, Colby failed to raise the issue of inadequate notice regarding the consequences of her failure to appeal her second application and has therefore waived the argument; that issue preclusion prevents Colby from relitigating whether she suffered from physical limitations which prevented her from doing her job; that there is competent evidence supporting the finding that there were no functional limitations attributable to Colby's mental conditions; and that the evidence does not compel a finding that Colby was entitled to disability benefits based on her anxiety and depression.

4

1. Res Judicata

Colby argues that the October 2014 decision denying benefits does not contain the essential elements of adjudication necessary to have res judicata effect and that therefore the 2014 denial of benefits does not preclude her from bringing a subsequent disability claim which raises the same issues, and which seeks benefits for the same conditions dealt with in the prior administrative decision.

"The doctrine of res judicata prevents the re-litigation of claims that were tried or could have been tried between the same parties or their privies in an earlier suit on the same cause of action." *Town of Boothbay v. Jenness*, 2003 ME 50, ¶ 20, 822 A.2d 1169 (quotation omitted). "An administrative proceeding that includes the 'essential elements of adjudication' is given the same preclusive effect as an adjudication in court." *Id.* Among the essential elements of adjudication is adequate notice of the opportunity to appeal and the consequences of failing to appeal. *Id.* ¶ 21.

Colby argues that although the October 2014 decision informed her that she had a right to appeal the denial to the Board, it did not inform her of the consequences of failing to bring such an appeal, specifically, the consequence that she would be unable to file a new benefit application based on the same medical conditions. Consequently, Colby argues the October 2014 decision cannot preclude her from filing a new application.

In *Jenness*, the Law Court held that a violation letter sent to a property owner from a town Code Enforcement Officer contained enough information to give a reasonable person an understanding of the nature of the alleged violation such that the CEO's finding that a violation had occurred became final upon the property owner's failure to appeal the notice to the Town

5

Zoning Board of Appeals.[1] *Jenness*, 2003 ME 50, ¶¶ 23-24, 822 A.2d 1169. Accordingly, because the property owner had been "given notice of her right and opportunity to appeal the CEO's decision to the Board, she [was] precluded from rearguing the interpretation of the ordinance through concepts of administrative res judicata." *Jenness*, 2003 ME 50, ¶ 25, 822 A.2d 1169.

The Court does not agree with Colby that the October 2014 decision did not adequately inform her of the consequences of a failure to file an appeal. In neither *Jenness*, nor in *Freeport v. Greenlaw* upon which Colby relies, did the Law Court state that adequate notice requires an explanation of res judicata and its preclusive effect on the subsequent litigation of identical issues. *Id.* ¶¶ 23-25; *Freeport v. Greenlaw*, 602 A.2d 1156, 160-161 (Me. 1992). Rather, those cases both focused on whether letters from town code enforcement officers contained enough information to inform the recipients that they had been charged with ordinance violations and that they were required to appeal those notices to the zoning board of appeals if they wished to contest the violations. *Jenness*, 2003 ME 50, ¶¶ 23-25, 822 A.2d 1169; *Greenlaw*, 602 A.2d at 160-161.

Just as in *Jenness*, the Executive Director's October 2014 decision contained enough information to understand the purpose and effect of the denial. The Decision informed Colby that her application for disability benefits had been denied, it described the conditions the Executive Director had reviewed, and it explained why those conditions were insufficient to form the basis for an award of disability benefits. Finally, the decision informed Colby that she had 30 days to appeal the decision to the Board of Trustees.[2] Based on this information, any reasonable applicant

---

[1] Specifically, the letter identified the property on which the violation had occurred, the existence of a nonpermitted use on that property, the section of the ordinance that had been violated, the authority for the CEO's actions, and the relevant provisions of the statute and ordinance. *Jenness*, 2003 ME 50, ¶ 23, 822 A.2d 1169. Additionally, the property owner was also informed how she could avoid being sanctioned and that she had the right to appeal the notice. *Id.*

[2] Not only does the decision inform Colby of her right to appeal but it also cites and quotes 5 M.R.S. § 17451 which describes how an aggrieved party may file an appeal.

would understand that her application had been denied and that the denial would become final unless she filed an appeal.

Further, in contrast to both *Jenness* and *Greenlaw*, this case does not require the Court to analyze it under principles of res judicata, or what notice requirements are necessary for the doctrine to apply in administrative proceedings. This is because Colby's is barred from seeking disability benefits based for her scoliosis by operation of statutory law. *See* 5 M.R.S. § 17925(5) (2017) (stating that "[a] [MainePERS] member who has had a disability retirement benefit application denied may file a new application based on the same medical conditions only if that member has had a bona fide return to service" with a covered employer).[4] This statue contains no language stating it only applies if an applicant is informed of the consequences of a failure to appeal the denial of an application. Because Colby has not had a bona fide return to service since the October 2014 denial of her application[5], Section 17925(5) precludes her from filing a new application based on the same medical conditions as that earlier denial. Accordingly, Colby's argument is reduced to the contention that she should be allowed to submit a new application due to her ignorance of section 17925(5).[6] Ignorance of the law, it is often said, excuses no one. *State v. Nisbet*, 2018 ME 113, ¶ 25, ___ A.3d ___. Accordingly, The Board did not commit an error of law when it failed to consider conditions related to scoliosis in Colby's application for disability benefits.

---

[4] Further, it appears that issue and claim preclusion are not even applicable to applications for disability retirement benefits. *See Kelley*, 2009 ME 27, ¶ 23, 967 A.2d 676. (stating that collateral estoppel does not prevent MPERS from pursuing a subsequent review of a member's ability to engage in a substantially gainful activity); 5 M.R.S. § 17925(5) (stating that the reapplication of a "member [who] has met the requirements of section 17924 . . . must be approved notwithstanding the earlier denial").

[5] Nor does Colby argue that she has had a bona fide return to service.

[6] This interpretation of Colby's argument is bolstered by her reply memorandum which spends a great deal of time discussing whether she had actual notice of the consequences of her failure to file an appeal.

## 2. Mental Impacts

Colby also argues that the board failed to consider Dr. Kathryn Wistar's opinion that Colby's cognition was moderately to markedly impaired by narcotics she took to alleviate pain caused by scoliosis, that Colby would be unable to work without taking pain medication, and that this impairment likely existed since 2013. Contrary to Colby's assertion, the Board explicitly considered Dr. Wistar's opinion in its decision. (R. 44.7-44.8; R. 12.1-12.4.) Further, the record contains competent evidence that Colby uses the medication to combat the pain caused by her scoliosis. (R. 12.1-12.4.) Although the amount of pain that she suffers and the dosage of narcotics that she takes may have increased over the years, the record supports the conclusion that her scoliosis is the proximate cause of her cognitive impairment. Colby's claim for benefits based on her cognitive impairment is therefore really a claim based on scoliosis and Maine law prohibits Colby from filing an application seeking benefits based in any part upon her cognitive impairments unless she has had a bona fide return to service. 5 M.R.S. § 17925(5). Because she has not had a return to service, the Board did not commit error by omitting the combined impacts of Colby's cognitive and physical limitations from its consideration of her disability benefit application. *Id.*

## 3. Anxiety, Depression, and GERD

Colby argues that the Board's finding that her anxiety and depression did not cause any functional limitation is unsupported by substantial evidence.[7] However, her argument consists solely of the assertion that these findings are unsupported, and she does not make any attempt to support her argument by citing record evidence that would compel a contrary finding. Accordingly, Colby has failed to meet her burden to show that the record compels a contrary conclusion.

---

[7] Colby's memorandum makes no mention that the Board's finding concerning GERD is unsupported by substantial evidence.

*Anderson v. Me. Pub. Emples. Ret. Sys.*, 2009 ME 134, ¶ 3, 985 A.2d 501; *see also Mehlhorn v. Derby*, 2006 ME 110, ¶ 11, 905 A.2d 290 ("An issue that is barely mentioned in a brief is in the same category as an issue not mentioned at all").

Conclusion

For the foregoing reasons, the Board did not commit an error of law when it failed to consider conditions related to Colby's scoliosis. Similarly, Colby has not met her burden of persuasion to demonstrate that the record compels a finding that either GERD or depression and anxiety produced functional limitations making it impossible for Colby to work in August and September of 2014.

The entry is

Petitioner's 80C Petition for Review of Final Agency Action is DENIED

**Date: August 29, 2018**

**M. Michaela Murphy**
**Justice, Superior Court**

Entered on the docket  8|31|18

9