STATE OF MAINE
CUMBERLAND, ss.

STATE OF MAINE SUPERIOR COURT
CUMBERLAND, CIVIL ACTION
CLERK'S OFFICE DOCKET NO. CV-03-05
REC - CW 12/20
2003 DEC 22 P 2: 45

A. MICHELLE COBB,
          Petitioner,

          v.                                              ORDER ON 80C REVIEW

STATE OF MAINE, BOARD OF
COUNSELING PROFESSIONALS                      DONALD L. GARBRECHT
LICENSURE,                                         LAW LIBRARY
          Respondent.

                                                      APR 13 2004

Petitioner seeks judicial review of the Decision and Order of December 26, 2002,

of the State of Maine Board of Counseling Professionals Licensure.

## FACTUAL BACKGROUND

Petitioner, a Licensed Professional Counselor, counseled the two minor sons of a

divorced couple. Petitioner had submitted forms to the children's father's insurance

company in which she had filled out diagnostic codes taken from the Diagnostic and

Statistical Manual (4th edition) (DSM-IV). Petitioner was paid by the insurance

company for this counseling. A complaint was filed by the parents of the children on

March 21, 2001, regarding the Petitioner's diagnoses of the children. An investigation

took place resulting in charges being brought against Petitioner for diagnosing the

children's mental health conditions in violation of 32 M.R.S.A. § 13858 (2002), and for

fraud and deceit.

After lengthy administrative hearings, the Board dismissed the fraud and deceit

charges. The Board found, however, that Petitioner violated section 13858, disciplining

her by censure, fine, and thirty hours of supervision. Petitioner now seeks judicial

review.

1

## DISCUSSION

This court will reverse or modify the administrative decision of the Board only if

the administrative findings, inferences, or conclusions are:

(1) In violation of constitutional or statutory provisions; (2) In excess of the statutory authority of the agency; (3) Made upon unlawful procedure; (4) Affected by bias or error of law; (5) Unsupported by substantial evidence on the whole record; or (6) Arbitrary or capricious or characterized by abuse of discretion.

Hale-Rice v. Maine State Ret. Sys., 1997 ME 64, ¶8, 691 A.2d 1232, 1235 (quoting 5

M.R.S.A. § 11007 (1989)).  The agency's interpretation "is entitled to great deference and

will be upheld unless the statute plainly compels a contrary result."  Centamore v.

Dep't. of Human Services, 664 A.2d 369, 370-71 (Me. 1995) (internal quotation omitted).

The Superior Court should not second-guess the administrative decision of the agency

unless "the agency's conclusions are unreasonable, unjust or unlawful in light of the

record."  Imagineering, Inc. v. Dep't. of Prof'l & Fin. Regulation, 593 A.2d 1050, 1053

(Me. 1991).

In this case, Petitioner seeks review of the administrative decision of the Board

and argues that a sanction for practicing beyond the scope of a professional counselor's

license was not authorized by 32 M.R.S.A. § 13858; that the Board's conduct in

sanctioning Petitioner amounted to illegal rulemaking; and that there was no

substantial evidence to support the finding of violation of the statute.[1]

Petitioner argues that the Board misinterpreted section 13858, contending that

although the statute does not grant LPCs the right to treat and diagnose mental health

disorders, section 13858 does not prohibit it.  The Board interpreted the statute to the

---

[1] Petitioner also argues in her brief that the decision of the Board was arbitrary and capricious and the Board's sanctions were arbitrary and capricious.  In light of the broad discretion that the Board is given for oversight and sanction of licensed counseling professionals, this Court finds that these arguments lack merit.  See 32 M.R.S.A. § 13861; 10 M.R.S.A. §§ 8003(5), 8003-D.

contrary, i.e., the statute does not grant LPCs the ability to treat and diagnose, therefore, if an LPC treats or diagnoses mental health disorders, the LPC violates the statute.

Section 13858 provides that there are three specific clinical licenses offered by the Board which have equivalent clinical status. The statute further states that clinical status authorizes an individual to diagnose and treat mental health disorders. The three specific licenses, licensed clinical professional counselor, licensed pastoral counselor, and licensed marriage and family therapist, are authorized by the statute to diagnose and treat mental health disorders. See 32 M.R.S.A. § 13858. Licensed professional counselor is not included in that list.

In addition, the only sensible reading of section 13858, in light of the licensing regime as a whole, is that a professional counselor's license is not a clinical license and does not include the authority to diagnose. Otherwise, there would be no reason to have two distinct license categories for professional counselors and clinical professional counselors. To read the statute as Petitioner would interpret it would mean that the legislature created two licensure categories, professional counselor and clinical professional counselor, without any substantive difference.

Petitioner also argues that the Board's conduct amounted to illegal rulemaking because, inter alia, Petitioner did not know that she was not allowed to treat and diagnose mental health disorders and that by adjudicating Petitioner under section 13858, the Board promulgated a new rule. In this case, the Board interpreted section 13858 in an adjudicatory proceeding. The Board did not create a "regulation, standard, code, statement of policy, or other agency statement of general applicability." 5 M.R.S.A. § 8002(9). As in Mitchell v. Me. Harness Racing Comm'n, the Board in the present case "is not obligated to enumerate each and every example [of violation] through formal rule making procedures." 662 A.2d 924, 927 (Me. 1995). The Board did

not promulgate a new statement of general policy, and the court finds that the Board did not engage in illegal rulemaking.

Finally, the Petitioner argues that evidence was wrongfully excluded. In Rule 80C reviews of agency decision, the court is generally confined to the official record. 5 M.R.S.A. § 11006 (2003). The reviewing court may require the taking of additional evidence if the proffered "evidence is material to the issues presented in the review" and was improperly excluded. Id. Petitioner would have had Dr. John Sutton (Sutton) testify, inter alia, to his understanding and interpretation of the application of section 13858. (Pet.'s Memo. at 7-9.) In addition, Petitioner would have had Sutton testify to the meaning of the terms within this section. (R. 92-93.)

The Board's presiding officer bifurcated the hearing of this matter, the first portion of the hearing dedicated to whether there was a violation of section 13858, and the second portion to determine what sanction, if any, should be imposed on the Petitioner. In the first portion of the hearing, the presiding officer allowed testimony limited to whether an LPC could diagnose and treat mental health disorders and refused to hear Sutton's testimony. Sutton was allowed to testify to a limited extent in the sanction phase of the proceeding. While the court agrees with the Board's decision to exclude Sutton's testimony as to his understanding and interpretation of the application of section 13858 to the Petitioner, the court disagrees with the Board's decision to exclude testimony regarding the meaning of the term "mental health disorder."[2]

---

[2] Much of the controversy in this case stems from the apparent misunderstanding between the parties regarding statements agreed to by the parties in the Stipulation of Facts. (R.386.) In this stipulation, it is stated that the Petitioner "rendered diagnoses" and "submitted diagnoses," but does not state that what Petitioner diagnosed were mental health disorders. The Respondent has repeatedly argued, including in oral argument, that these references to the term diagnose are references to diagnosing mental health disorders. The court disagrees.

To support the implicit finding that the Petitioner diagnosed a mental health disorder, the Board moved in this appeal for the court to take judicial notice of the DSM-IV, which details mental health disorders and assigns code numbers to them. The Petitioner used DSM-IV code numbers on the claim forms submitted to insurance companies. (R. 443-46, 543-46). In the Petitioner's submissions to the minor children's father's insurance company, the Petitioner filled in the "Diagnosis or Nature of Illness" portion with the numbers 309.3 and 313.81 from DSM-IV. Number 309.3 refers to Adjustment Disorder with Disturbance of Conduct. DSM-IV, at p.623-24 (Excerpted in Resp't Br. in Opp'n to Am. Pet. for Review Ex. A). This condition is described as "the development of clinically significant emotional or behavioral symptoms in response to an identifiable psychosocial stressor or stressors." The section from the DSM-IV lays out six essential criteria for identifying or diagnosing this condition. (Id.) Number 313.81 refers to Oppositional Defiant Disorder, described as "a recurrent pattern of negativistic, defiant, disobedient, and hostile behavior toward authority figures. . . ." (Id. at p.91-94.) This section of the DSM-IV sets forth four essential criteria for this condition. (Id.) The Board urges the court to take judicial notice of these codes to link what the Petitioner included in the forms as "Diagnosis or Nature of Illness" to definitions and descriptions of mental health disorders.

The DSM-IV has been described "as the document regularly relied upon for the diagnosis of mental disorders." In re Harvey, 584 S.E.2d 893, 895 n.3 (S.C. 2003); see also Illinois v. Wilhoite, 592 N.E.2d 48, 55 (Ill. App. 1991) (describing the purpose and extensive use of the DSM in courts). The diagnoses described in the DSM-IV are subjected to rigorous screening and verification, including "1) comprehensive and systematic reviews of the published literature, 2) reanalyses of already-collected data sets, and 3) extensive issue-focused field trials." DSM-IV, at p.xviii. The Law Court in

Maine has also recognized the significance of the DSM for diagnosing mental disorders. See State v. Hatt, 2002 ME 166, ¶3, 810 A.2d 415, 416 (citing to the DSM-IV for the diagnostic criteria for borderline personality disorder); In re Jon N., 2000 ME 123, ¶9, 754 A.2d 346, 349 (citing to disorder in the DSM-IV as "generally accepted as a diagnosis in the field of psychiatry"). There can be no doubt, therefore, of the DSM's importance as a scholarly authority in the field of psychiatry and counseling. See Wilhoite, 592 N.E.2d at 55. Accordingly, the court will take judicial notice of those sections included with Respondent's brief.

The court's taking of judicial notice of the DSM-IV after the evidence was closed, however, highlights the error of excluding Sutton's testimony. In the Petitioner's offer of proof, the Petitioner would have had Sutton testify regarding "what all of the terms of in the statute mean from a counseling perspective." (Resp't's Br. in Opp'n to Am. Pet. for Review p.14 n.10.) This testimony would address the meaning of "mental health disorder" which is not defined in the statute. Further, this testimony would include statements "about all of the different diagnostic schemes that are in use in addition to DSM-IV." (Id.) Even though the DSM-IV is a well-accepted treatise of diagnosing mental health disorders, no evidence was presented that DSM-IV was authoritative to the exclusion of all other evidence.

Therefore, the court remands the case to the Board for additional evidence regarding the meaning of the term "mental health disorder" and whether what Petitioner diagnosed constituted "mental health disorders."

The entry is:

Case remanded to the Board of Counseling Professionals Licensure for further proceedings consistent with the opinion herein.


Dated at Portland, Maine, this 22nd day of December, 2003.

Robert E. Crowley
Justice, Superior Court

| Date Filed 01-28-03 | Cumberland County | Docket No. AP-03-05 |

Action 80C APPEAL

A. MICHELLE COBB

STATE OF MAINE BOARD OF COUNSELING PROFESSIONALS LICENSURE; CYNTHIA L. WO WARD: POLLY MOUTEVELIS-BURGESS: CHERYL DAVIS: THEODORE E. CHAFFEE, KAREN O. S CLAIR: DAVID C. BELLVILLE, SCOTT W. HU ERSON AND REID D. STEVENS

vs.

| Plaintiff's Attorney Rufus Brown, Esq. | Defendant's Attorney |
|---|---|
| M. Thomasine Burke, Esq.<br>Brown & Burke<br>75 Pearl Street<br>P.O. Box 7530<br>Portland, ME 04112<br>(207) 775-0265 | Judith Peters, AAG<br>Department of the Attorney General<br>6 State House Station<br>Augusta, ME 04333-0006<br><br>Robert C. Perkins, AAG<br>Department of the Attorney General<br>6 State House Station<br>Augusta, ME 04333-0006 |

Date of
Entry