Martin R. DOUGLAS, Sr.

v.

**BOARD OF TRUSTEES OF the MAINE STATE RETIREMENT SYSTEM.**

Supreme Judicial Court of Maine.

Submitted on Briefs Sept. 8, 1995.

Decided Jan. 2, 1996.

Terence M. Harrigan, Vafiades, Brountas & Kominsky, Bangor, for Plaintiff.

Andrew Ketterer, Attorney General, Cabanne Howard, Assistant Attorney General, Augusta, for Defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, DANA, and LIPEZ, JJ.

LIPEZ, Justice.

Martin R. Douglas Sr. appeals from the *judgment* of the Superior Court (Penobscot County, *Kravchuk, J.*) affirming the decision of the Board of Trustees of the Maine State Retirement System denying him disability retirement benefits. Douglas contends that the Board erred in its interpretation of applicable statutory provisions and that the Board's findings were not supported by substantial evidence on the record. We affirm the judgment.

Douglas worked for the State at the Bangor Mental Health Institute as a heavy equipment operator and a general laborer from July 1982 until June 27, 1992 when his position was eliminated and he was laid off. In the two years preceding his lay off, Douglas suffered injuries to his left knee, left shoulder and back. Each of these injuries limited Douglas's mobility and caused him substantial pain. Douglas's general laborer position required him to perform a variety of tasks, some of which necessitated heavy lifting and constant reaching and bending. Because lifting, bending and squatting aggravated Douglas's ailments, he avoided these movements for the last four months of his employment by volunteering for other less strenuous activities. Throughout this period Douglas took no sick leave and there is no indication in the record that Douglas's supervisors were dissatisfied with his job performance.

After being laid off in June of 1992, Douglas was offered a general laborer position in Augusta and a painter position in Bangor. Douglas declined the Augusta position because the increased travel would create a hardship and refused the Bangor position on the advice of his orthopedic surgeon who believed that it would be physically impossible for Douglas to perform the duties of that position.

In August Douglas filed a disability report with the executive director of the MSRS seeking disability retirement benefits pursuant to 5 M.R.S.A. §§ 17921–29 (1989 & Supp. 1994). In support of his application Douglas presented the results of examinations conducted by his orthopedic surgeon and neurologist in July of 1992. These medical reports indicated that as a consequence of his knee and shoulder injuries and the presence of a degenerative back disorder Douglas could no longer perform the manual labor required by

his previous general laborer position. The MSRS Medical Board recommended approval of Douglas's application. The Executive Director of MSRS, however, denied Douglas's application, finding that Douglas had not proven by a preponderance of the evidence that it had been impossible for Douglas to perform his general laborer duties while he was in service. Douglas appealed the Executive Director's decision to the Board. After a hearing officer recommended that the Board affirm the Executive Director's decision, the Board affirmed the denial of benefits. Douglas appealed the Board's decision to the Superior Court, which affirmed, and Douglas appeals.

### The Statute

■ Title 5 M.R.S.A. § 17924(1) (Supp. 1994) provides in pertinent part:

**1. Qualification.** Except as provided in subsection 2, a member qualifies for a disability retirement benefit if disabled while *in service.* (Emphasis added).

Douglas argues that even after his layoff the Board should have considered him still "in service" within the meaning of section 17924 because he was subject to recall by the State and was forced to reject an alternative employment position as a consequence of his incapacity. This argument is inconsistent with the plain language of the retirement statute that defines service as "service as an employee for which compensation is paid." 5 M.R.S.A. § 17001(37) (1989). Because Douglas received no compensation after June 27, 1992, he was no longer in the service of the state after that date and, therefore, any determination of disability occurring subsequent to that date cannot serve as the basis for his application for disability retirement benefits. *Cf. Bischoff v. Board of Trustees of the Maine State Retirement Sys.,* 661 A.2d 167, 169 (Me.1995) (holding that applicant was not eligible for disability benefits for disability that manifested itself after applicant had left active service).

### The Board's Determination

Douglas also contends that he presented sufficient evidence to establish that he was disabled prior to his termination and that the Board's finding to the contrary is not supported by substantial evidence on the record. Title 5 M.R.S.A. § 17921(1)(B) (Supp.1994) provides in part:

**1. Disabled.** "Disabled" means that the member is mentally or physically incapacitated under the following conditions:

B. That *it is impossible* to perform the duties of the member's employment position;

(Emphasis added).

■ In accordance with the Maine Administrative Procedures Act, 5 M.R.S.A. § 11007(4)(C)(5) (1989 & Supp.1994), we ordinarily review an administrative agency's findings of fact to determine whether they are supported by "substantial evidence on the whole record." However, Douglas had the burden of persuading the Board by a preponderance of the evidence that he was disabled within the meaning of the statute. When an agency concludes that the party with the burden of proof failed to meet that burden, we will reverse that determination only if the record compels a contrary conclusion to the exclusion of any other inference, *cf. Foley v. Adam,* 638 A.2d 718 (Me.1994); *Butler v. Hardy,* 576 A.2d 202 (Me.1990); *Gonthier v. Horne,* 576 A.2d 745 (Me.1990), and hence, in the language of the Maine Administrative Procedures Act, the Board's failure to be persuaded was "arbitrary or capricious." *See* 5 M.R.S.A. 11007(4)(C)(6) (1989 & Supp. 1994).

■ The evidence showed the following: Douglas's general laborer position included a variety of tasks; the job description permitted individuals in that position to retain that position while able to perform some but not all of those tasks; Douglas continued to perform some of the tasks required of a general laborer; and Douglas did not take any sick leave during the last months of his employment. Furthermore, there is no indication that his employer considered his performance inadequate during this same period; and a physician's entry in Douglas's medical records less than one month prior to his layoff indicated that Douglas's condition was improving with medication. Although there was evidence that because of his physical

condition Douglas sought to perform only the less taxing aspects of his position, Douglas presented little else to support his claim that it had become impossible for him to perform the duties of a general laborer before his termination. The record did not compel the Board to reach a contrary result. Its failure to be persuaded was not arbitrary or capricious.

The entry is:

Judgment affirmed.

All concurring.