STATE OF MAINE
CUMBERLAND, ss.

STATE OF MAINE
CUMBERLAND, SS
CLERK'S OFFICE

2002 DEC -3 A 10: 40

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-02-012
REC-CUM- 12/3/2002

RAM'S HEAD PARTNERS, LLC,
        Plaintiff,

        v.

TOWN OF CAPE ELIZABETH
        Defendant.

ORDER ON 80B APPEAL

DONALD L. GARBRECHT
LAW LIBRARY

JAN 2 2003

## FACTUAL BACKGROUND

Ram's Head Partners, LLC (Ram's Head) appeals from the February 22, 2002 decision of the Cape Elizabeth Board of Assessment Review (Board), in which the Board upheld the Town Tax Assessor's (Assessor's) denial of Ram's Head's application for abatement.

Ram's Head purchased four lots in Cape Elizabeth in November of 1995 for $2,975,000. The four lots total approximately thirty-seven acres and break down as follows: Lot 49-1 is a 2.3 acre waterfront lot with no buildings; Lot 49-2 is a 2.6 acre waterfront lot with a 1-1/2 story seasonal cottage; and Lot 49-4 is a 27.2 acre waterfront lot with no buildings (Lot-49-3, approximately 5.0 acres, was not a subject of the application for abatement). Pl.'s Br. at 4; Def.'s Br. at 2; R. 12, 13, 14.[1] On October 18, 2001, Ram's Head applied for abatement of the property taxes on the three lots. R. 4. Abatement was requested on the ground of discrimination. R. 4 at 3. The Assessor denied the abatement application on November 21, 2001. R. 5. An appeal was taken to the Board; its February 2002 decision is the subject of this appeal. R. 6.

---

[1] Citation to the Record will be R. "tab #" at "page #" if applicable.

On appeal, Plaintiff contends that the Board improperly found that Ram's Head had not demonstrated unjust discrimination in assessing property values. Underlying Ram's Head claim of unjust discrimination is the fact the Sprague Corporation, owner of over two thousand acres in Cape Elizabeth, owns similar properties abutting the subject properties and that the Sprague Corporation properties enjoy very low assessments. Pl.'s Br. at 7.[2] The primary reasons given by the town for the low assessments on the Sprague properties are: 1) the properties are subject to a contractual inter-family pact that requires a unanimous vote for any transfer of property outside of the corporation; 2) if such a transfer occurs, the entire Sprague subdivision will be subject to review by the Town Planning Board; and 3) the Sprague properties are overdue for reassessment. R. 12 at 19; R. 13 at 19; R. 14 at 19; R. 9 at 2 (Notes from 2/21/02 Board meeting).[3]

It is Plaintiff's position that properties owned by the Sprague Corporation are analogous, if not identical, to the three Ram's Head lots in question and that the Sprague property assessments, or at least the same methodology, should be used in determining the assessed value of the Ram's Head parcels. Therefore, the issue is

---

[2] The disparity in assessed values is significant. Ram's Head lots are assessed as follows: Lot 49-1 = $541,200; Lot 49-2 = $582,100; Lot 49-4 = $590,400. R. 3. The assessed values of the seven Sprague waterfront lots containing a seasonal structure range from $143,500 - $329,300 (land value only). Id. There are three Sprague waterfront vacant lots with very low assessed values. The two for which assessment records were provided were $15,000 and $4,700, for 5.0 and 4.69 acres, respectively. R. 1; R. 3.

[3] In Plaintiff's Brief, it is argued that the Board erred in evaluating the "just value" of the Ram's Head property. Pl.'s Br. at 14. In Plaintiff's Reply Brief, Ram's Head states that neither the Ram's Head assessment nor the effect of the inter-family pact on that assessment was erroneous. Pl.'s Reply Br. at 3-4. Nonetheless, Plaintiff persists in arguing that because the Assessor "illogically" reduced the valuation of the Sprague properties due to deed restrictions, Ram's Head should receive the same illogical reduction. Regardless, based on Plaintiff's assertions in the application for abatement, before the Board at appeal, and now in the Reply Brief, there appears

whether Ram's Head is being unjustly discriminated against or whether the Sprague properties are isolated outliers in an otherwise just system.

## DISCUSSION

A decision of the Board of Assessment Review is reviewed for error of law, abuse of discretion, or findings of fact not supported by substantial evidence in the record. Weekley v. Town of Scarborough, 676 A.2d 932, 933 (Me. 1996). When appealing an assessment the Plaintiff taxpayer bears the burden of establishing before the Board of Assessment Review that "the assessed valuation in relation to the just value is manifestly wrong." Id. at 934 (quotations omitted); see also Douglas v. Board of Trustees (of the Maine State Retirement System), 669 A.2d 177, 179 (Me. 1996) ("When an agency concludes that the party with the burden of proof failed to meet that burden, we will reverse that determination only if the record compels a contrary conclusion to the exclusion of any other inference.") "Just value" means market value, of which sales price is evidence. Weekley v. Town of Scarborough, 676 A.2d at 934 (Me. 1996); Wesson v. Town of Bremen, 667 A.2d 596, 599 n. 5 (Me. 1995) (stating that sale price is evidence of market value for assessment purposes); Shawmut Inn v. Town of Kennebunkport, 428 A.2d 384, 394-95 (Me. 1981) (stating market value is that which a willing buyer will pay a willing seller in a fair public sale).

Plaintiff claims that Ram's Head has been unjustly discriminated against with respect to the valuation of its property for assessment purposes because comparable parcels owned by the neighboring Sprague Corporation are assessed much lower. "Only if taxpayers can show that the assessors' *system* necessarily will result in unequal apportionment do they not have to show that their property is substantially

---

to be no contention that the values are erroneous or unjust. R. 4 at 3; R. 9 at 1; Pl.'s Reply Br. At 2, 3-4.

overvalued. <u>Wesson v. Town of Bremen</u>, 667 A.2d at 598 (Me. 1995) (quoting <u>Moser v. Town of Phippsburg</u>, 553 A.2d 1249, 1250 (Me. 1989) (emphasis added). Taxpayers must also demonstrate that their assessment is distinctly higher than the assessments "of the taxpayers *in general.*" <u>Kittery Electric Light Co. v. Assessor of Town of Kittery, et al.</u>, 219 A.2d 728, 739 (Me. 1966) (stating that there must be evidence of intentional or purposeful "systemic undervaluation" and that "sporadic differences in valuations do not spell invidious discrimination")(emphasis added)(quotations omitted). Furthermore, the analysis begins with the presumption that the assessor's valuation of the property is valid. <u>Chase v. Town of Machiasport</u>, 1998 ME 260, ¶ 13, 721 A.2d 636. <u>See</u> also <u>Muirgen Properties, Inc. v. Town of Boothbay</u>, 663 A.2d 55, 58 (Me.1995) (discussing burden and standard of review); <u>Sweet v. City of Auburn</u>, 134 Me. 28, 33, 180 A. 803 (1935) (citing <u>Penobscot Chemical Fibre Co. v. Town of Bradley</u>, 99 Me. 263, 267-69, 59 A. 83 (1904)).

In the instant case, waterfront property from throughout the Town of Cape Elizabeth was deemed the best source of comparable properties for assessment purposes. The Board possessed competent evidence to conclude that the Assessor's decision was just. The Board's conclusion was supported by several factors: The market value approach, a cornerstone of property valuation, relies on recent sales and there were no recent sales of the abutting Sprague properties. The Sprague properties are subject to a stringent inter-family pact that negatively impacts their market value. If any Sprague property was sold, *all* Sprague properties would be need conform to all zoning and subdivision ordinances because they are currently part of a unfinished subdivision.

Although the Plaintiff contends that Ram's Head is subject to similar family restrictions, the Board had little evidence before it to support that assertion. In fact the

lengthy record only includes the representative of Ram's Head statement that the family pacts are similar. Therefore, the Board could and did reasonably determine that the Sprague properties were anomalies and that the Ram's Head assessment was fair and just in relation to the entire town and not the result of discrimination. "The conclusion was made [by the Board] that the best viable means of correcting the imbalance was to update the valuations of the Sprague properties and even the field of their tax burden . . . ." R. 9 at 2. "The Board could find no case for discrimination relative to all comparable properties in Cape Elizabeth, and determined that the valuation of the Ram's Head properties was not 'manifestly unjust.'" Id.

The entry is

The decision of the Cape Elizabeth Board of Assessment Review is AFFIRMED.

Dated at Portland, Maine this 3rd day of December, 2002.

Robert E. Crowley
Justice, Superior Court



Date Filed __03-18-02__ __Cumberland__ County   Docket No. __AP-02-12__

Action __80B Appeal__

Ram's Head Partners, LLC                    Town of Cape Elizabeth

vs.

Plaintiff's Attorney

JOHN C. BANNON, ESQ.
75 Pearl St.
Portland, ME 04104
(207) 773-5651

Defendant's Attorney

THOMAS G. LEAHY, ESQ.
P.O. Box 7046
Portland, ME 04101
(207) 774-3906

Date of
Entry