STATE OF MAINE

KENNEBEC, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-08-36

SHARI OUELLETTE,

Petitioner

v.

DECISION AND ORDER

THE MAINE PUBLIC EMPLOYEES
RETIREMENT SYSTEM,

Respondent

Before this court is the petitioner's M.R. Civ. P. 80C appeal of a final decision by the Maine Public Employees Retirement System.

Facts

The petitioner applied for disability retirement on January 15, 2007. She was working as a retirement service technician at the Maine State Retirement System (MSRS). Her initial application claimed back pain and depression as the basis for her disability claim. This application was denied on May 10, 2007.

The petitioner amended her petition to include central tremor disorder, anxiety disorder, and panic disorder. This application was denied on August 23, 2007.

The petitioner appealed, and two hearings were held. During the hearing process, petitioner's request to depose members of the Medical Board was denied by the hearing officer.

On March 2, 2008, the Board of Trustees denied the petitioner's appeal, affirming a decision by the Executive Director denying the petitioner's initial application and amended application.

Standard of Review

Petitioner at all times has the burden of proving that the Board's decision is clearly erroneous. *See Douglas v. Bd. of Trs. of the Maine State Ret. Sys.*, 669 A.2d 177, 179 (Me. 1996). The court must give great deference to the Board's construction of statutes it administers, unless the statute plainly compels a contrary result. *Bischoff v. Bd. of Trs., Maine State Ret. Sys.*, 661 A.2d 167, 169 (Me. 1995). Furthermore, the credibility determination of witnesses is in the exclusive province of the agency and should not be disturbed on appeal. *Sprague Elec. Co. v. Maine Unemployment Ins. Comm'n*, 544 A.2d 728, 732 (Me. 1988).

Discussion

Petitioner argues that the MSRS's three-step analysis for evaluating disability applications imposes a higher burden of proof than is required under the law. Although the petitioner concedes that an agency is given great deference in interpreting its statute, the petitioner claims that the MSRS's analysis requires a definitive diagnosis based on objective medical evidence. Petitioner further argues that this requirement—that the petitioner prove a specific diagnosis—denied her the right to have the combined effects of these impairments considered in order to prove that she was disabled as defined in the law.

The petitioner also argues that the opinion of the Medical Board exceeded its role as advisor and the MSRS should have given the petitioner the right to depose members of the Medical Board.

Three-Step Analysis

In this case, the three-step analysis did not impose upon the petitioner a greater burden of proof than required by the law defining disability. Requiring an applicant to list the medical conditions causing their disability is a common sense and reasonable

requirement. The MSRS is free to conduct their evaluation in a manner consistent with the law. The Board has responsibility for the proper operation of the Retirement System and for making the Act effective as well as formulating policy and supervising the Act. *See Huard v. Bd. of Trs., Maine State Ret. Sys.*, 562 A.2d 694, 697 (Me. 1989).

The evaluation of a claimed incapacity necessarily depends upon medical evidence setting out the opinion of medical personnel pertaining to the possible diagnosis. Furthermore, in this case the petitioner set out specific reasons for her disability. Initially, she made a general claim of back pain without reference to any particular diagnosis. She also claimed depression on her initial application. On an amended application she alleged anxiety and panic disorders, and a tremor disorder. The MSRS addressed each of these claimed reasons for her disability. The fact that the MSRS found that petitioner failed to prove the particular diagnosis that she stated was the reason for her disability did not impose any greater burden upon her than required under the law.

There was more than sufficient evidence for the MSRS to find that the petitioner had not sustained the burden of proof required for entitlement to disability retirement benefits.

Medical Board

The MSRS did not commit error by getting advice from the Medical Board regarding the medical evidence presented during the hearing process. This process is authorized by law. 5 M.R.S. § 17106(3)(D) provides:

> The medical board or other physician designated by the board shall, at the request of the executive director, review the file of an applicant for disability retirement and as required shall report on any or all of the following:
>
> D. Inform the executive director and board in writing of its view as to the existence of a disability entitling an applicant to benefits . . . .

It is clear that the members of the Medical Board are not third-party witnesses entitling the petitioner to cross-examine them pursuant to 5 M.R.S. § 9057. The petitioner has failed to show that the Medical Board exceeded its role as an advisor in the process.

<u>Conclusion</u>

For reasons stated above:

The court hereby DENIES the petitioner's request for review and AFFIRMS the decision of the Trustees of The Maine Public Employees Retirement System.

Dated: September  15 , 2008

Joseph M. Jabar
Justice, Superior Court

Date Filed __5/7/08__  __Kennebec__  Docket No. __AP-08-36__
County

Action __80C Appeal__

# J. JABAR

SHARI OUELLETTE  vs. THE MAINE PUBLIC EMPLOYEES RETIREMENT SYSTEM

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| James Pross, Esq.<br>9 Green Street<br>Augusta, Maine | Christopher Mann, AAG<br>6 SHS<br>Augusta, Maine |

| Date of Entry | |
|---|---|
| 5/28/08 | Petition for review of final agency action M.R.CIV.P. 80C filed 5/7/08 by Atty Pross. |
| 5/28/08 | Entry of appearance filed by Christopher Mann, AAG on 5/11/08. |
| 6/4/08 | Certificate of Administrative Record, filed. s/Gail Drake Wright, Exec. Dir. (in vault) |
| 6/18/08 | **Notice and Briefing Schedule issued.**<br>**Copies mailed to attys. of record.** |
| 7/14/08 | Brief of Petitioner Shari Ouellette, filed. s/Pross, Esq. |
| 7/24/08 | Respondent's Response in Opposition to Petition for 80C Review, filed. s/Mann, AAG |
| 8/8/08 | Reply Brief, filed. s/Pross, Esq. |
| | Notice of setting for _9/2/08_<br><br>sent to attorneys of record. |
| 9/15/08 | DECISION AND ORDER, Jabar, J.<br>The court hereby DENIES the petitioner's request for review and AFFIRMS the decision of the Trustees of the Maine Public Employees Retirement System.<br>Copies to attys. of record.<br>Copies to repositories. |