STATE OF MAINE                                    SUPERIOR COURT
KENNEBEC, SS                                      CIVIL ACTION
                                                  DOCKET NO. AP 11-10,12-32
                                                  $\mathcal{DHM} - KEN - 7/29/2013$

REVA MERRILL,
        Petitioner

        v.                                        DECISION

BOARD OF TRUSTEES,
MAINE PUBLIC EMPLOYEES
RETIREMENT SYSTEM,
        Respondent


        Before the Court is Petitioner Reva Merrill's Rule 80C appeal from a Second Board of

Trustees Decision and Order issued on June 5, 2012 declining to grant Petitioner's request for

waiver of Group Life Insurance ("GLI") payments pursuant to 5 M.R.S.A. § 17103(6). This

Second Decision was made pursuant to December 13, 2011 Order issued by this Court vacating

the December 23, 2010 decision in the matter of Reva Merrill, and remanding to the Maine

Public Employees Insurance System Trustees for proceedings to consider the merits of

Petitioner's request for waiver of past due premiums. It is the Trustees' Second Decision in

response to the Court's remand directive that Petitioner Merrill now appeals pursuant to M.R.

Civ. P. 80C.

        The factual and procedural history of this matter is found in the Court's decision on

review in *Merrill v. Me. Pub. Employee's Ret. Sys.*, KENSC-AP 2011-10 (Me. Super. Ct., Ken.

Cty., Dec. 13, 2011).

1

On June 5, 2012, the Board issued a second Decision and Order with regard to Merrill's request to waive payment for past due premiums denying her request. Merrill filed a Petition pursuant to 5 M.R.S.A. § 11007 on July 16, 2012.

This Court may only reverse or modify an administrative decision if it is:

(1) In <u>violation of</u> constitutional or <u>statutory provisions</u>;
(2) In excess of the statutory authority of the agency;
(3) Made upon unlawful procedure;
(4) Affected by bias or error of law;
(5) Unsupported by substantial evidence on the whole record; or
(6) <u>Arbitrary or capricious</u> or characterized by <u>abuse of discretion</u>.

5 M.R.S.A. § 11007(4)(C) (emphasis on sections applicable in this case); *see also Douglas v. Bd. of Trs., Maine State Ret. Sys.*, 669 A.2d 177, 179 (Me. 1996) (observing that in accordance with 5 M.R.S.A. § 11007(4)(C)(5), the Court "ordinarily review[s] an administrative agency's findings of fact to determine whether they are supported by 'substantial evidence on the whole record.'"). The burden of proof in such a matter "clearly rests with the party seeking to overturn the decision of an administrative agency." *Seven Islands Land Co. v. Maine Land Use Regulation Comm'n*, 450 A.2d 475, 479 (Me. 1982) (citation omitted); *Douglas*, 669 A.2d at 179 (holding that the petitioner has the burden of proving a board decision is clearly erroneous).

Additionally, "[t]he Court must give deference to an agency's interpretation of its own internal rules and regulations "unless the rules or regulations plainly compel a contrary result." *Rangeley Crossroads Coal. v. Land Use Regulation Comm'n*, 2008 ME 115, ¶ 10, 955 A.2d 223 (citation omitted). The Court cannot substitute its judgment for that of the Board on questions of fact, even when the statute under construction could compel a contrary result. *See* 5. M.R.S.A. § 11007(3); *Bischoff v. Maine State Ret. Sys.*, 661 A.2d 167, 169 (Me. 1995).

2

In its June 5, 2012 Decision, the Board refers to its Decision in response to the Court's remand as "Phase Two," and characterizes the issue before it as "[w]hether the Board should waive (and return) all or a portion of the past due premium payment paid for basic and supplemental GLI coverage." The Board was charged with construing subsection (6) of 5 M.R.S.A. § 17103, which reads, in part:

> The Board shall in all cases make the final and determining administrative decision in all matters affecting the rights, credits and privileges of all members of all programs of the retirement system whether in participating local districts or in the state service.
>
> Whenever the board finds that, because of an error or omission on the part of the employer of a member or retired member, a member or retired member is required to make a payment or payments to the retirement system, the board may waive payment of all or part of the amount due from the member or retired member.

The Board Decision regarding Phase Two reflects that it perceives the word "required" to apply "in those instances where the actions of the employer have created an unexpected monetary obligation, which is required from an employee." But in Ms. Merrill's case, according to the Board, the GLI payments were not "required" as envisioned by the statute because GLI coverage is voluntary; basically, § 17103(6) does not apply. Instead, the Board offers, had the payments been required through a mandatory program (the Board cites the state and teacher retirement system, but does not reference it by name), the Board would have the authority to consider waiving payment.

Ms. Merrill makes two primary arguments in response to the Board's position regarding its authority to waive back payments to the system. She first argues that the statute permitting MPERS to waive back payments is not limited to the programs that members are *required* to participate in. And second, she argues that there was a violation of her due process rights

3

because the Board did not provide to her in advance of the hearing a standard the Board would apply in determining whether "waiver" was appropriate.

In support of her first argument, Ms. Merrill points out that the first paragraph in subsection (6) applies "in all cases" and "in all matters affecting the rights, credits and privileges of all members of all programs" of the Retirement System. This, according to Ms. Merrill, means that the Board's interpretation of the meaning of the word "required" is incorrect; "all programs" include both mandatory and optional programs operated by the Retirement System. Asserting the tenets of the plain meaning rule of statutory construction, Ms. Merrill argues that the language of the second paragraph of § 17103(6) clearly includes payments that are required of a member or a person who is a member voluntarily of a particular program. *See, e.g., Carr v. Bd. of Trs. of Maine State Ret. Sys.*, 643 A.2d 372 (Me. 1994); *Estate of Althenn v. Althenn*, 609 A.2d 711 (Me. 1992); *Soucy v. Bd. of Trs. of Maine State Ret. Sys.*, 456 A.2d 1279 (Me. 1983). Ms. Merrill also likens the rules relating to statutory construction of § 17103(6) with those that apply to public pensions because both systems are "remedial, protective statute[s] entitled to liberal construction."[1]

In response, the Board asserts that it correctly construed the meaning of "required" with regard to whether Ms. Merrill was eligible for waiver of payments. Contrary to Ms. Merrill's understanding of the meaning of "required," the Board believes that a proper reading of the statute is that the Board can waive payment *only* when such payment is *required by law*, and

---

[1] Ms. Merrill cites to the language of 5 M.R.S.A. § 17050:

> It is the intent of the Legislature to encourage qualified persons to seek public employment and to continue in public employment during their productive years. It is further the intent of the Legislature to assist these persons in making provision for their retirement years by establishing benefits reasonably related to their highest earnings and years of service and by providing suitable disability and death benefits.

This statute, Ms. Merrill asserts, even though it deals with granting pensions to public officers, is akin to § 17103(6), and thus should be liberally construed in order to meet the objective of encouraging continued and loyal public service. Ms. Merrill sees these statutes and others like it as incentives, so to speak.

4

only when the Board has the authority to recover that payment. Relying on its interpretation of legislative intent, the Board argues that had the Legislature intended the waiver of payments of optional expenses, such as purchasing insurance coverage, it would have inserted the requisite language. The Board acknowledges that other interpretations of § 17103(6) are certainly possible, but because Ms. Merrill's purchase of insurance was discretionary, and because the Court may not reverse the finding of the Board absent abuse of discretion, error of law, or findings of fact unsupported by the record, the Court does not have the power to hold that the Board's decision—that Ms. Merrill is ineligible for waiver—is unreasonable.

While it appears harsh that the Board may seek shelter behind its interpretation citing the high standard for agency deference, that Ms. Merrill points out that other interpretations are possible is not enough to overcome this procedural hurdle. Ms. Merrill asserts that the Board's logic is "faulty," and that its reading of the legislative history discussed in its Opposition does not say what the Board believes it says. Still, nothing in the record points to abuse of discretion; the Board's reading is supported by facts therein, and its choice to read the term "required" as it did does not constitute an error of law.

Because the Respondent's decision is founded solely upon its interpretation of the applicable statute and not upon any disputed facts, the Court declines to address her due process issues with regard to any lack of an evidentiary hearing.

Ms. Merrill charges that agency deference should only be afforded after an inquiry regarding the ambiguity of the statute is made. Here, Ms. Merrill argues, the statute fails to articulate precisely what the Court should refer to, is therefore ambiguous, and deference is only appropriate if the agency's interpretation of the statute is reasonable. *See Bischoff v. Bd. of Trs.*, 661 A.2d 167, 170 (Me. 1995). She says, thus, the Court must assess whether the statute—§

5

17103(6)—is ambiguous. However, even if the statute could compel a contrary result, so long as the agency's interoperation is patently reasonable, deference must control.

For reasons stated, the entry will be:

The petition for judicial review is DISMISSED.

Dated: July 29, 2013

JUSTICE, SUPERIOR COURT

6

F

J. Mills recused

# J. MARDEN

REVA MERRILL                    vs. BOARD OF TRUSTEES, MAINE RETIREMENT SYSTEM

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| DONALD FONTAINE ESQ<br>PO BOX 7590<br>PORTLAND MAINE   04112 | CHRISTOPHER MANN AAG<br>STATE HOUSE STA 6<br>AUGUSTA MAINE   04333 |

| Date of Entry | |
|---|---|
| 1/20/11 | PETITION FOR REVIEW, FILED. S/FONTAINE, ESQ. |
| 1/25/11 | LETTER FROM ATTORNEY MANN ENTERING APPEARANCE AND OPPOSING THE PETITION FOR REVIEW. |
| 2/15/11 | Certificate of Administrative Record, filed. s/Matheson, Exec. Director XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX |
| 2/23/11 | Motion for the Taking of Additional Evidence, filed. s/Fontaine, Esq.<br>Offer of Proof in Support of Motion for Taking of Additional Evidence, s/ Fontaine, Esq.<br>Proposed Order, filed.<br>Motion to Specify the Future Course of Proceedings, filed. s/Fontaine, Esq. |
| 2/25/11 | Consent Motion to Require or Permit Corrections to the Record and Incorporated Memorandum of Law, filed. s/Fontaine, Esq.<br>Proposed Order, filed. |
| 2/28/11 | ORDER, Murray, J.<br>it is hereby ORDERED: that the respondent shall correct and modify the record by including in the record the letter of the petitioner's counsel dated March 3, 2008, addressed to John C. Milazzo, being two pages in length.<br>Copies to attys. of record. |
| 3/10/11 | **NOTICE AND BRIEFING SCHEDULE ISSUED:**<br>Copies to attys. of record. |
| 3/16/11 | Motion Opposing the Taking of Additional Evidence, filed. s/Mann, AAG |
| ------ | Motion to Amend Notice and Briefing Schedule, filed. s/Fontaine, Esq.<br>Proposed Order, filed. |
| 3/24/11 | PROPOSED ORDER, Murray, J.<br>The Court having reviewed the appellant's Motion to Amend Notice and Briefing Schedule and the clerk's Order of March 10, 2011, the Court |

| Date of Entry | |
|---|---|
| | hereby vacates said Order, without objection.<br>Copies to attys. of record. |
| 3/24/22 | Consented to Motion for Leave to File Amended Complaint with Incorporated Memorandum of Law, filed. s/Fontaine, Esq. (3/23/11)<br>Proposed Order, filed. |
| ------ | Petitioner's Reply to Defendant's Memorandum Opposing the Taking of Additional Evidence, filed. s/Fontaine, Esq. (3/23/11) |
| 4/12/11 | PROPOSED ORDER, Murray, J. (4/11/)<br>it is ORDERED: the appellant may amend her initial pleading entitled Petition for Review and Amended Complaint.<br>Copies to attys. of record. |
| ------ | Amended Petition for Review, filed. s/Fontaine, Esq. |

Notice of setting for 4/22/11 @ 10:00 Status Conf.

Sent to attorneys of record.

| 4/20/11 | Amended Petition for Review, filed. s/Fontaine, Esq. |
|---|---|
| 4/27/11 | Answer to Amended Petition and Complaint, filed. s/Mann, AAG |
| 5/5/11 | Motion to Stike Defenses, filed. s/Fontaine, Esq.<br>Proposed, filed. |
| 5/18/11 | Joint Motion for Order Approving Scheduling, filed. s/Fontaine, Esq. |
| 5/24/11 | Opposition to Petitioner's Motion to Strike Defenses, filed. s/Mann, AAG |
| 5/25/11 | Defendant's Motion and Memorandum to Join a Necessary Party, filed. s/Mann, AAG |
| 5/31/11 | JOINT MOTION FOR ORDER APPROVING SCHEDULING, Murray, J.<br>Copies to attys. of record. |
| 6/1/11 | Petitioner's Reply to Defendant's Opposition to Petitioner's Motion to Strike Defenses, filed. s/Fontaine, Esq. (5/27/11) |

Notice of setting for 7/7/11

sent to attorneys of record.

| 6/9/11 | Consented to Motion to Continue, filed. s/Fontaine, Esq.<br>Proposed Order, filed.<br><br>Plaintiff's Opposition to Defendant's Motion to Join a Necessary Party, filed. s/Fontaine, Esq. |
|---|---|
| 6/14/11 | PROPOSED ORDER, Murray, J.<br>is hereby ORDERED as follows: The Motions will be removed from the calendar.<br>Copies mailed to attys. of record. |
| 6/16/11 | Defendant's Reply to Plaintiff's Opposition to Motion to Join a Necessary Party, filed. s/Mann, AAG |

| Date of Entry | Reva Merrill vs. Bd. of Trustees MSR Docket No. ___AP11-10___ |
|---|---|
| 6/17/11 | Supplement to Certified Record, filed. s/Mann, AAG |
| 6/21/11 | Second Supplement to Certified Record, filed. s/Mann, AAG |
| 8/15/11 | Consented to Motion to Continue, filed. s/Fontaine, Esq. Proposed Order, filed. Notice of setting for 9/8/11 sent to attorneys of record. |
| 9/13/11 | Brief of Appellant on 80C Appeal, filed. s/Fontaine, Esq. |
| 9/16/11 | Defendant's Motion to Continue the Scheduling Order, filed. s/Mann, AAG |
| -------- | Expedited Motion to Stay Rule 80C Review in ths Matter, filed. |
|  | Defendant's Witness and Exhibit List and Time for Trial |
| 9/21/11 | Plaintiff's Pre Trial Memorandum, filed. s/Fontaine, Esq. |
| 9/26/11 | Motion for Voluntary Dismissal, filed. s/Fontaine, Esq. Proposed Order, filed. |
| 10/4/11 | Petitioner's Opposition to Respondent's Expedited Motion to Stay Rule 80C Review in this Matter, filed. s/Fontaine, Esq. |
|  | Notice of setting for 11/7/11 @ 11:30 sent to attorneys of record. |
| 10/12/11 | MOTION FOR VOLUNTARY DISMISSAL, Marden, J. (10/7/11) Granted. Copies to attys. of record |
|  | ORDER, Marden, J. (10/7/11) Granted. Copies to attys. of record. |
|  | MOTION TO CONTINUE SCHEDULING ORDER , Marden, J. (10/7/11) Denied. Copies to attys. of record. |
|  | CONSENTED TO MOTION TO CONTINUE, Marden, J. (10/7/11) Granted. Copies to attys. of record. |
| 10/12/11 | Reply to Opposition to Motion for Stay, filed. s/Mann, AAG (10/7/11) |
|  | Opposition to Petitioner's 80C Petition, field. s/Mann, AAG (10/7/11) |
| 10/14/11 | Opposition to Petitioner's Motion for Vouluntary Dismissal, filed. s/Mann, AAG |
| 10/17/11 | ORDER ON MOTION TO JOIN, Marden, J. (10/7/11) DENIED Copies to attys. of record. |
|  | MOTION TO STRIKE, Marden, J. (10/7/11) DENIED Copies to attys. of record. |
|  | ORDER, Marden, J. (10/7/11) Denied Copies to attys. of record |

| Date of Entry | Page 4 | Docket No. AP-11-10 |
|---|---|---|

10/25/11 — EXPEDITED MOTION TO STAY, Marden, J. (10/24/11)
Stay Denied. Relationship to Goodrich case to be determined at oral arguments.
Copies to attys. of record.

11/27/11 — Petitioner's Reply to Defendant's Opposition to Petitioner's 80C Petition, filed. s/Fontaine, Esq.

11/8/11 — Hearing held on 11/7/11 with the Hon. Justice Donald Marden, presiding. Donald Fontaine, Esq. for the Petitioner and Christopher Mann, AAG. for the Respondent. J. Cook, CR.
Oral arguments made to the court. Court to take matter under advisement.

11/8/11 — Respondent's Motion to Correct Oral Arguments, filed. s/Mann, AAG

11/14/11 — Petitioner's Response to Respondent's Motion to Correct Oral Argument, filed. s/Fontaine, Esq.

12/13/11 — DECISION ON REVIEW, Marden. J.
The decision of the Maine Public Employees Insurance Systems dated December 23, 2010 in the matter of Reva Merrill is VACATED; the matter is REMANDED to the Maine Public Employees Insurance System Trustee for proceedings to consider the merits of Petitioners' request for waiver of past due premiums.
Copies to attys. of record

------- — Notice of removal of record mailed to parties.

1/3/12 — Letter regarding exhibits, filed. s/Fontaine, AAG

1/14/13 — Stipulation of Counsel, filed. s/Fontaine, Esq. s/Mann, AAG
Proposed Order, filed.

1/23/13 — STIPULATION OF COUNSEL, Marden, J.
SO ORDERED
Copies to attys. of record.
The Petitioner will file its appeal brief by 2/18/13.
The Respondent will file its brief within 30 days after having received the Petitioner's brief.
The Petitioner will file any reply brief within 14 days after having received the Respondent's brief.

3/22/13 — Brief of Petitioner on 80(C) Appeal, filed 2/20/13. s/Fontaine, Esq.

3/22/13 — Opposition to Petitioner's 80C Petition, filed 3/11/13. s/Mann, AAG

3/28/13 — Reply Brief of Petitioner on 80(C) Appeal, filed 3/27/13. s/Fontaine, Esq.

5/13/13 — Plaintiff's Motion To Consolidate, filed 5/10/13. s/Fontaine, Esq.

7/9/13 — ORDER, Marden, J.
This action shall be consolidated with AP-12-32, and all further pleadings filed in the consolidated action will bear the Docket Number AP-12-32.
Copy to Atty Fontaine and AAG Mann

8/2/13 — DECISION, Marden, J. (7/29/13)
The petition for judicial review is DISMISSED.
Copy to Atty Fontaine and AAG Mann. Copy to repositories.

8/2/13 — Notice of removal of Record mailed to AAG Mann.

| Date Filed | 7/16/12 | Kennebec | Docket No. AP-12-32 | F |
| --- | --- | --- | --- | --- |
| | | County | | |

Action: <u>Petition for Review</u>      ~~J. Murphy~~
          80C                            **J. Marden**

Reva Merrill                    vs.    Board of Trustees, MPERS

| Plaintiff's Attorney | Defendant's Attorney |
| --- | --- |
| Donald Fontaine, Esq. | Christopher Mann, AAG |
| 97 India Street, PO Box 7590 | 6 State House Station |
| Portland, ME 04112 | Augusta, ME 04333-0006 |

Date of Entry

| | |
| --- | --- |
| 7/24/12 | Petition For Review, filed 7/16/12. s/Fontaine, Esq. |
| 7/24/12 | Letter entering appearance, opposing petition for review, and requesting the court affirm final agency action of 6/5/12, filed 7/9/12. s/Mann, AAG |
| 8/9/12 | Administrative Record, filed. s/Emery Appeals Clerk (filed 7/30/12) |
| 8/9/12 | Notice and Briefing Scheduled issued.<br>Copy to Atty Fontaine and AAG Mann |
| 8/10/12 | Motion for the Taking of Additional Evidence, filed 8/8/12. s/Fontaine, Esq.<br>Officer of Proof in Support of Motion, filed 8/8/12. s/Fontaine, Esq.<br>Memorandum in Support of Motion, filed 8/8/12. s/Fontaine, Esq. |
| 8/23/12 | Letter regarding Notice and Briefing Schedule and pending Motion for the Taking of Additional Evidence, filed 8/21/12. s/Fontaine, Esq. |
| 9/18/12 | Motion Opposing The Taking Of Additional Evidence, filed 8/30/12. s/Mann, AAG |
| 9/28/12 | Petitioner's Reply Brief In Support Of the Motion For The Taking Of Additional Evidence, filed 9/27/12. s/Fontaine, Esq. |
| 12/11/12 | Letter from Atty. Fontaine regarding pending motion, filed. s/Fontaine, Esq. |
| 12/17/12 | ORDER, Marden, J.<br>The motion of taking additional evidence is DENIED.<br>Copies mailed to attys. of record |
| ~~2/20/13~~ | ~~Brief of Petitioner on 80(C) Appeal, filed. s/Fontaine, Esq.~~ |
| 7/9/13 | ORDER, Marden, J. (in AP-11-10)<br>This action shall be consolidated with AP-12-32, and all further pleadings filed in the consolidated action will bear the Docket Number AP-12-32.<br>Copy to Atty Fontaine and AAG Mann |
| 7/9/13 | Oral argument scheduled for July 24, 2013 at 1:00.<br>Notice to Atty Fontaine and AAG Mann |

7/30/13     Oral argument held on 7/24/13.  J. Marden presiding.
            Donald Fontaine, Esq. for Petitioner and Christopher Mann, AAG for Respondent.
            No record made, no clerk in courtroom.
            Under advisement.

8/2/13      DECISION, Marden, J.  (7/29/13)
            The petition for judicial review is DISMISSED.
            Copy to Atty Fontaine and AAG Mann.
            Copy to repositories.

8/2/13      Notice of removal of Record mailed to AAG Mann.